(No. 34450.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. S. W. BURTS, Plaintiff in Error.

*Opinion filed January 24, 1958.*

WILLIAM J. HURLEY, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, JOHN J. STAMOS, JOHN T. GALLAGHER, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

S. W. Burts was indicted in the criminal court of Cook County on a charge of armed robbery. Upon arraignment, he appeared by his counsel and pleaded not guilty. Thereafter said counsel, with the permission of the court, withdrew and the public defender was appointed as his counsel. Thereupon the defendant signed a jury waiver and the trial was had before the court. At the close of the case for the People and at the close of all the evidence defendant made motions that he be found not guilty, which motions were denied, and the defendant was adjudged guilty of the crime charged in the indictment. A motion for new trial was made and denied, and the defendant was sentenced to the penitentiary. To reverse said judgment defendant prosecutes a writ of error to this court, alleging (1) that the trial court considered matters and rumors *de hors* the record in contravention of his constitutional rights, (2) that his identity as the person who allegedly robbed Thomas E. Burdette was not established beyond a reasonable doubt, and (3) that the trial court misapplied the standard of proof necessary in a criminal trial.

The evidence produced shows that Thomas E. Burdette, a corporal in the United States Army, stationed at Fort Sheridan, Illinois, met two girls on West Madison Street in the city of Chicago on March 3, 1956. Burdette accompanied one of the girls to an apartment at 22 North May Street, where they engaged in illicit intercourse. A short time later a knock sounded at the door and another girl entered the apartment and went into the other room. Burdette then saw her remove his wallet from his trousers and take out his money. When he complained he heard a male voice say "Stay where you are and you won't get hurt." He then saw a man standing in the door, which had been left ajar, holding a gun. He was dressed in a brown hat and a tan topcoat. Burdette pointed out S. W. Burts

in the court room as the man he believed to be the same one who held the gun.

After the man left, Burdette dressed and left the apartment. A few minutes later he observed the man, the girl who took the money, and the other girl enter a Ford car, bearing license No. 1887506, across the street from the apartment.

Upon returning to Fort Sheridan on March 5, 1956, Burdette reported the crime. On March 9, 1956, Burdette, two detectives, a policeman, and one Hubert from the Army Criminal Investigation Department found the car, identified by Burdette, and saw defendant enter it. At that time Burdette identified defendant as the man who held the gun.

The woman identified by Burdette as the one who removed his money from his trousers was arrested at the 22 North May Street apartment. Defendant admitted he resided in the apartment at 22 North May Street. Defendant likewise admitted owning the car identified by Burdette.

Defendant contended he spent the day of March 3, 1956, at a gas station operated by Tom C. Baker. The evidence indicates he left the station around 4:30 P.M. The crime occurred sometime after 3:30 P.M.

At the time of rendering judgment the trial court stated that "whether there is one witness or a dozen witnesses the Court is required to balance off and determine whether there is preponderance of evidence, based upon the credible evidence." The court additionally stated that the soldier's story was not new, but happens over and over again, that his report of the crime is for the benefit of all soldiers, and this case should not be in the criminal court if it were not different from the mine-run of cases. The judge also remarked that it was not new for a man to have a "stable of mares" who pick up men, which is the position Burts then found himself in, and that the girl was used by Burts for his benefit. He further remarked that Burts should have been compelled to sell his car and provide his own

lawyer; and finally "Here is a man living off the proceeds of women who earn it by their bodies."

Defendant contends that the remarks of the court indicate that the court considered matters not in evidence in the trial and this contravened his right to be tried on evidence produced in open court accorded by section 9 of article II of the constitution of the State of Illinois. Each of the cases cited to this court and relied upon by defendant in support of this contention holds that it is error for the court to make a private extrajudicial investigation of a cause heard in that court. (*People* v. *McGeoghegan,* 325 Ill. 337; *People* v. *McMiller,* 410 Ill. 338; *People* v. *Rivers,* 410 Ill. 410; *People* v. *Savage,* 5 Ill.2d 296.) The remarks of the court in this cause are all based upon or are prompted by evidence produced in open court and appearing in the record of proceedings. Certainly the evidence produced strongly suggests that defendant was engaged in pandering. The court merely noted that such a case would be tried in the police court were it not for the additional factor of robbery as in this cause. The evidence produced disclosed that the defendant owned a car although he had previously appeared as a pauper requesting and receiving representation by the public defender. While these remarks of the court are intemperate and ill-advised, they are elicited by and based upon facts appearing in the record. We do not believe that this record establishes that the trial judge conducted a private investigation of this matter, and hence the defendant has not established a prejudicial error in this regard. (*People* v. *Savage,* 5 Ill.2d 296.) Moreover, the court in hearing a cause is deemed to consider only that evidence which is competent in making his determination. (*People* v. *Popescue,* 345 Ill. 142.) Our review indicates there is sufficient competent evidence to support the court's finding.

The defendant's contention that his identity as the person who robbed Thomas E. Burdette was not estab-

lished beyond a reasonable doubt is based upon the proposition that only the robbery victim, Burdette, identified him as the man with the gun. He urges that an uncorroborated identification is insufficient to prove identity beyond a reasonable doubt. *People* v. *Sproch,* 409 Ill. 55, upon which defendant relies, holds that the testimony of one credible witness, if positive, is sufficient to convict even though contradicted by the accused, and that where it is corroborated by other evidence it is clearly adequate to convict. The victim, Burdette, did, when asked to identify the man in court, say, "I see the one I believe to be him" and indicated the defendant. Upon further examination by the court Burdette identified the defendant as the man with the gun. The accused had no outstanding characteristics to aid the identification, but Burdette did say that shortly after the robbery, he saw the man who had held the gun enter a certain automobile with the two girls, and he later identified the vehicle and the defendant as he entered the automobile. The courtroom identification is thus corroborated by the identification upon other occasions, the ownership of the automobile, and the fact that defendant occupied the apartment where the robbery occurred. Moreover, the court heard and saw the witness who identified defendant in the courtroom, and it was for the judge to determine the weight to be given to such testimony in this case. (*People* v. *Thompson,* 406 Ill. 555.) The identification was sufficient for the trial judge, and we are in no position to disturb his determination in that regard.

Finally, defendant insists that the trial judge misapplied the standard of proof necessary to uphold a criminal conviction. It is axiomatic that an accused must be proved guilty of the crime charged beyond all reasonable doubt. The court, in his remarks, did state that "the Court is required to balance off and determine whether there is preponderance of the evidence, based upon the credible evidence." Truly "preponderance of the evidence" has no

place in the determination of guilt or innocence in a criminal trial.

A review of the entire record clearly demonstrates that the defendant is guilty beyond reasonable doubt, without regard to the unfortunate remark by the trial court. The remark of the trial court is, therefore, harmless error.

We find no merit to the points urged by the defendant. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*