**People of the State of Illinois, Plaintiff-Appellee, v. Lowell Gene Crouch, Defendant-Appellant.**

**Gen. No. M–10,783.**

Fourth District.

December 13, 1966.

Ryan and Heller, of Mattoon (Harlan Heller and John Huffman, of counsel), for appellant.

Omer T. Shawler, State's Attorney of Clark County, of Marshall, for appellee.

CRAVEN, P. J.

The defendant was convicted of driving a motor vehicle after revocation of his driver's license contrary to the provisions of par 6–303 of c 95½, Ill Rev Stats 1965. Trial was before the court, the defendant having waived jury trial. Sentence in this case was incarceration for a period of 90 days in the State Penal Farm.

On this appeal defendant contends the evidence was not sufficient to sustain a conviction and that the trial court erred in taking into consideration the fact that defendant failed to call a certain person as a witness.

The defendant was arrested on August 11, 1965, on a warrant issued August 7, 1965. The evidence of the State was the testimony of one Glenn Roberts, a police officer of Casey, Illinois. This officer testified that on the day in question he observed the defendant driving an automobile in Casey, Illinois. The defendant and one Dale Owens testified that Owens, not the defendant, was the driver of the car. The details relating to the opportunity of the policeman to observe, and cross-

examination as to relevantly insignificant matters testing the accuracy of the observation need not here be set forth in full. It is sufficient to say that the record shows positive identification by the officer, the denial by the defendant and an alibi witness. The trial court, sitting as the trier of the fact, is free to judge the credibility of witnesses and to accept the testimony of the officer to the complete exclusion of the testimony of the defendant and Owens. This he apparently did, and we find no error. Positive identification by a single witness is sufficient for conviction and precise accuracy in describing details need not exist in order to have positive identification. See People v. Solomon, 24 Ill2d 586, 182 NE2d 736 (1962); People v. Prochut, 27 Ill2d 298, 189 NE2d 290 (1963); People v. Donald, 29 Ill2d 283, 194 NE2d 227 (1963).

We find no merit in the contention that the trial court erroneously considered the fact that the defendant failed to call a certain person as a witness. One Martha Glidewell was the owner of the car being driven on the date in question. Officer Roberts testified that he observed the defendant driving the automobile to her residence. In announcing the decision, the trial court observed that Martha Glidewell was not called by the defendant. Such was the fact. Neither was she called by the State. Either had the privilege of calling this witness. The fact that one witness was not before the court whose testimony may have been helpful is immaterial to this appeal. A careful review of the record convinces us that it was likewise immaterial to the trial court.

The trial court was the trier of fact and as such is peculiarly situated to determine questions of credibility and truthfulness. This court will not substitute its judgment in these areas for that of the trial court in the absence of a showing that the proof of guilt was so unsatisfactory as to justify a reasonable doubt as to

guilt. We entertain no such doubt in this case, and the judgment and sentence appealed from are affirmed.

Affirmed.

TRAPP and SMITH, JJ., concur.