**The People of the State of Illinois, Plaintiff-Appellee, v. Lowell Crouch, Defendant-Appellant.**

Gen. No. M–10,720.

Fourth District.

December 13, 1966.

Ryan & Heller, of Mattoon (Harlan Heller and John W. Huffman, of counsel), for appellant.

Omer T. Shawler, State's Attorney of Clark County, of Marshall, for appellee.

SMITH, J.

Defendant was convicted in a bench trial of knowingly damaging the personal property of another without his consent. Ill Rev Stats 1965, c 38, § 21–1(a). The defendant was placed on probation for a period of two years with the first three months thereof to be served in the county jail. In his appeal, he contends (a) that the complaint fails to charge a crime, (b) that there is no proof of the ownership of the damaged property and (c) that the evidence is insufficient to prove defendant's guilt beyond a reasonable doubt.

We have taken with the case a motion by the People suggesting a diminution of the record and for leave to file a supplemental report of proceedings. Tendered with the motion is the proposed supplemental

report of proceedings duly certified by the presiding magistrate. The defendant presents no objections or exceptions to the motion. The evidence in the case was not reported verbatim. In conformity with Supreme Court Rule 36–1(3)(c), Ill Rev Stats 1965, c 110, § 101.36–1(3) (c), the appellant presented a proposed report of proceedings and within 10 days thereafter the appellee submitted his proposed amendments and additions thereto. Through error or inadvertence the amendments and additions so filed were not included in the original record filed in this court on December 9. The affidavit of the magistrate so states. The amendments and additions show that the prosecuting witness testified that she was the owner and operator of the beauty parlor, an issue material to the disposition of this case. In our judgment the motion to file the supplemental record should be and is allowed and it is ordered that the supplemental record be filed. The material thus supplied was patently before the magistrate in conformity with Rule 36–1 but was inadvertently omitted by him from his settlement of the report of proceedings. Under such circumstances, substantial justice ought not be emasculated through such a happenstance.

■ Appellant urges that the complaint fails to state a crime in that it does not charge the ownership of the beauty shop equipment in the prosecuting witness. The complaint reads as follows:

" 'That on the 16th day of July, 1965, in said County, Lowell Gene Crouch committed the offense of damage and trespass to personal property in that on the said 16th day of July, 1965, shortly prior to the hour of 11:00 P. M. at 15 West Main Street, in the City of Casey, without any right or authority, entered the Marty Beauty Shop, belonging to the complainant, and then and there broke and knowingly damaged a desk, three chairs, two hair driers, without the consent of complainant in violation of Paragraph 21–1, Chapter 38, Illinois Revised Statutes.' "

The term "belonging to the complainant" is sufficient allegation of ownership. "Belonging to" connotes title to or ownership. People v. Lake Forest University, 367 Ill 103, 10 NE2d 667; People v. Gordon, 5 Ill2d 91, 125 NE2d 73; In re Ostrowski's Estate, 3 Ill App2d 431, 122 NE2d 596. The word "belong" means "to be the property of: the book belongs to him." The American College Dictionary, Random House, Inc., 1963. Surely the term "Marty Beauty Shop" carries with it the property, paraphernalia and fixtures adequate and sufficient to operate a beauty shop and the term "belonging to the complainant" is an adequate allegation of ownership. The complaint is sufficient.

The contention that ownership of the property was not established is laid to rest with the testimony of the complaining witness that "she was the owner and operator" of the beauty shop.

■■ It is further contended that the evidence is insufficient to connect the defendant with the crime. The defendant and the complaining witness met in a tavern, and he invited her to accompany him to a neighboring town. She declined. He left the tavern and returned in about 15 minutes and, as he and the complaining witness both testified, said "I think somebody has wrecked your beauty shop." On investigation by a third person this was confirmed. Another witness testified that the statement made by the defendant was "I wrecked your God damn beauty shop." The defendant denied making this statement or that he was ever in the beauty parlor. Defendant relies on People v. La Coco, 406 Ill 303, 94 NE2d 178 and People v. Hobbs, 400 Ill 143, 79 NE2d 202, for the proposition that an admission standing alone without corroborating circumstances is not sufficient to sustain a conviction. There are further and additional circumstances in this record. The complaining witness and the defendant had been keeping company. She testified that she had talked with the defendant since the night in

question and had some doubts about his guilt. She came to the trial with him. The magistrate cross-examined her about statements made to him at the time the complaint was signed and the warrant issued. The evidence does not suggest that this was done in a caustic, inflamed, biased or prejudiced manner; otherwise we would be confronted with another and more serious question. The examination of witnesses by the judge in the trial of a case should always be with restraint and circumspections. The results were not successful impeachment, but suggests that the magistrate viewed the trial testimony of the complaining witness with a jaundiced eye. She had signed and sworn to a complaint charging the defendant with the crime. It is difficult to believe that the complaint was signed and the warrant issued on the mere statement that "somebody wrecked your beauty shop." There is some probative value in the fact that it was the defendant who brought the news of the damage to the complaining witness. Under the circumstances shown in this record, it was not unreasonable for the magistrate to believe the testimony of the disinterested witness that the statement made by the defendant was "I wrecked your God damn beauty shop."

 It is the province of the trial court to determine the credibility of witnesses, to resolve the conflicting testimony and to appraise the weight to be given such evidence. It is only where the evidence of the prosecution is improbable, unconvincing or contrary to human experience that a reversal by us is justified. People v. Dawson, 22 Ill2d 260, 174 NE2d 817; People v. Stevenson, 25 Ill2d 361, 185 NE2d 199. We find none of these disabling elements in this record. In fact the circumstances here shown import the contrary and support the finding of guilt beyond a reasonable doubt.

██ In People v. Crouch, 77 Ill App2d 304, 222 NE2d 44 in which an opinion in this day filed, we take judicial notice of the fact that this same defendant has been

sentenced to the Illinois State Farm at Vandalia. The sentence here was to the County jail. In our judgment, the sentence here should be to the same institution with both sentences to run concurrently. Substantial justice requires it. Under the authority granted us in Ill Rev Stats 1965, c 38, § 121–9(b)(1) to "reverse, affirm or modify the judgment or order from which the appeal is taken," it is accordingly ordered that the probation order entered in this cause is hereby modified to commit the defendant to Illinois State Farm at Vandalia for a period of 90 days with such sentence to be served concurrently with the sentence imposed by the trial court in M–10783. In all other respects, the judgment of the trial court is affirmed.

Judgment modified and conviction affirmed.

CRAVEN, P. J. and TRAPP, J., concur.