**People of the State of Illinois, Plaintiff-Appellee, v. Jerry Betts, Defendant-Appellant.**

**Gen. No. 51,809.**

First District, Second Division.

October 22, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Marshall J. Hartman, Assistant Public Defenders, and Professor James R. Thompson, Northwestern University School of Law, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Jerry Betts, was charged with the crime of armed robbery, in violation of Ill Rev Stats 1963, c 38, § 18–2. Defendant and George Bassett were tried together. Defendant was tried by a jury, while Bassett received a bench trial. Both were found guilty of the crime, and the defendant was sentenced to the penitentiary for a term of 4 to 10 years. Defendants both appeal (see People v. Bassett, 101 Ill App2d 328 (1968)). Defendant urges reversal, contending that he was not proved guilty beyond a reasonable doubt.

The facts adduced at trial are as follows. Marvin Ray, the owner of a grocery store at 1541 W. 69th Street, Chicago, testified that on December 21, 1965, at about 12:10 p. m., he was alone in his store when a man, seemingly in a hurry, entered. This man was identified at a lineup and at trial by the grocer as George Bassett. When only a few feet from the grocer, Bassett pulled out a gun, asserting that "this is it." As Bassett walked

around the counter another man entered the store. While the other man was taking the money from the cash register and searching through the rolls of butcher paper for additional money, Bassett, holding the gun in the grocer's back, took the change from his pockets. During the robbery several children entered the store. When the two men were satisfied that they had found all the money, they placed the grocer in the meat cooler and departed. At his direction, the children summoned help from a nearby fire station and one of the firemen released him from the cooler. Mr. Ray also testified that his store was small, that it had three aisles each about 15 feet long, and that it was well lit. The two men were in the store for about 10 minutes. On cross-examination, Ray testified as follows:

"COUNSEL FOR DEFENSE: Now, by the way, the other man that was with Bassett, you see him in the courtroom by any chance?

"A: No, I do not." [1]

. . . . . .

"Q. Now, did you notice the other man that was with him, sir?

"A: Well, the only description—I didn't pay too much attention about the other man. I remember that this man had a brown jacket and a brown hat on, but I understand the other man has never been apprehended.

"Q: How much larger than the first man was this second man, if you remember?

[1] The record indicates that defendant was seated alongside George Bassett at the defendant's table in the courtroom at this time.

324

"A: The second man that took the money, he was a little more slightly built and a little bit taller than Bassett."

. . . . . .

"Q: By the way, did you ever identify Jerry Betts as being a man who participated in the robbery?

"A: Never saw the man."

William Mercer, a City of Chicago fireman assigned to the nearby station, testified that about the time of the occurrence he was driving south on Justine Street, and that he had just turned off 69th Street. The grocery store was on 69th Street, just a few doors west of Justine Street, and the fire station was located on the corner. The alley behind the grocery and the fire station ran into Justine Street and was parallel to 69th Street. When Mercer approached the alley, he saw a 1960 white Pontiac in the alley, heading east toward Justine Street. The Pontiac, at an abnormally fast speed, headed across Justine Street, screeching and jerking, and backed out into Justine facing north. It then passed Mercer's car, heading north. When he first saw the Pontiac, it was about 15 feet from him, and was about 5 feet away when it passed. The driver was the sole occupant of the car whom Mercer later identified as defendant. Mercer learned of the robbery when he entered the fire station. He identified defendant at a lineup at the police station two days after the robbery and also at trial. On cross-examination, Mercer testified that the entire incident took place in about two minutes, that he was actually looking at the driver for a total of 15–20 seconds divided into three intervals. He was able to see the driver's face and shoulders. It was a dry day, and the car windows were closed. He testified that he could not give a detailed description of the driver but that he had told the police that the driver was a male Negro who appeared to

be slightly built. However, he also told the police that he definitely could identify the man and when he saw defendant at the lineup he was absolutely certain that defendant was the man.

The arresting officer testified that after investigation of the robbery, he arrested George Bassett on December 23, 1965, as Bassett was parking his 1960 white Pontiac. The officer arrested defendant later that day.

For the defense, Luvenia Harden, 1334 S. Harding, Chicago, testified that she was the mother of four children, one of them by defendant. She also testified that on the day of the robbery defendant had spent the entire day at her apartment, leaving only once and returning in a few minutes.

Defendant argues that he was not proved guilty of the robbery beyond a reasonable doubt. We agree.

▓▓▓▓▓ We recognize that positive identification by one witness who has sufficient opportunity for observation may be enough to support a conviction. People v. Burts, 13 Ill2d 36, 147 NE2d 281 (1958). However, "a conviction cannot be deemed to be sustained by evidence beyond a reasonable doubt if the identification of the accused was vague, doubtful, and uncertain. (Citations omitted.) And, where, as here, the identifying witnesses have never before observed the accused, the attendant circumstances, including the opportunity for definite identification, must be carefully weighed and considered." People v. Cullotta, 32 Ill2d 502, 504–505, 207 NE2d 444 (1965).

In the instant case, Marvin Ray, victim of the robbery, testified that both robbers were in his store for about 10 minutes, and he positively identified George Bassett as the man who held the gun to him. While stating that he didn't pay as much attention to the other man, he watched him go through the cash register and search rolls of paper for additional money, in a small, well-lit store. Yet he testified that he had never seen defendant prior to trial,

and that he understood that the second man had never been apprehended. He also testified that he was not frightened, and described the second robber in some detail, observing that he wore a brown coat and brown hat, and that he was taller and thinner than Bassett.

William Mercer was definite in his identification of defendant as the driver of the automobile emerging from the alley. However, he was able to observe the driver for only a short period of time, and during that brief period, either or both cars were always moving. He had to look through the windshields of both cars, and was able to see only the driver's head and shoulders, most of the time in profile. Finally, Mercer's identification would only place defendant in the alley at the time of the robbery. We find that the grocer's absolute statement that he had never seen defendant must negate any inferences that may be drawn from the qualified identification made by Mercer.

The only occurrence witness testified that the defendant was not involved in the crime. A witness with far less opportunity to observe than the eyewitness gave testimony which placed defendant in the immediate neighborhood of the crime. Since the inference of defendant's actual participation must be drawn from that testimony, we find that the State did not meet its burden of proving the defendant guilty beyond a reasonable doubt.

Accordingly, the judgment of the Circuit Court is reversed.

Judgment reversed.

BURKE, P. J., and LYONS, J., concur.