THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM JOHNSON, Defendant-Appellant.

(No. 56389;

First District—May 3, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, William Johnson, was indicted on a charge of indecent liberties with a child. After a trial by jury, he was convicted and sentenced to serve not less than ten nor more than twenty years in the penitentiary.

On appeal, he contends (1) remarks and argument of the prosecutor deprived him of a fair trial and (2) the sentence imposed was excessive. No questions are raised concerning the sufficiency of the evidence to sustain the conviction.

Before turning to the defendant's contentions we shall briefly set forth the facts. On May 1, 1969, the victim, a nine year old newspaper delivery boy, was found performing a deviate sexual act upon the defendant in the bedroom of Johnson's residence. The victim testified that when he came to Johnson's apartment to deliver a newspaper, the defendant grabbed him by the arm, threatened to kill him, and compelled him to commit the deviate sexual act. Two witnesses testified that they discovered the defendant and the victim in the apartment while the act was occurring. Officer Russell Norris of the Chicago Police Department testified that the defendant, upon his arrest, stated after being advised of his constitutional rights that the victim requested permission to perform

the deviate sexual act. At trial, the defendant testified that he permitted a friend of the paperboy to enter his apartment and to watch television. He then went into the bedroom. About five minutes later the victim joined him and asked permission to lie down on one of the twin beds. The defendant feel asleep; and when he awoke, he found the victim performing the act complained of upon his person. He immediately made the boy stop and told the victim to get ready to go home.

During cross-examination of the defendant the following exchange occurred:

"Q. [by Assistant State's Attorney]: As a matter of fact you just are a pervert, aren't you?

Mr. Stoll [Assistant Public Defender]: Objection, Judge.

The Court: Sustained.

Mr. Stoll: I ask for a mistrial.

The Court: The jury is instructed to disregard that statement.

The Witness: No sir."

At the conclusion of the opening part of the final argument, the prosecutor stated, "If you believe his [defendant's] story reasonable, then you discharge him and he will get right up out of his chair and walk right out of this courtroom and probably grab another nine year old boy." An objection was made to this comment and sustained.

During the rebuttal portion of the State's closing argument, the prosecutor, in referring to the defendant, stated, "There is your criminal. There is your moron sitting in that seat." Objection was raised, and the word, "moron," was stricken. The closing argument concluded in the following manner:

"Now, we have proven our case and we have proven it beyond a reasonable doubt, proven it beyond all doubt. You have grandchildren, you have children of your own. Let that man back out on the street and you are going to have to keep your children locked up. Please don't let this crime go unpunished. We have done our duty. We have proven him guilty beyond a reasonable doubt. You have taken a sworn oath to weigh the evidence, take the law as the judge gives it to you and apply the evidence as you heard it to the law, with your common sense and with all of that, your common sense and the evidence and the law, there is no way that you can find this man innocent because he is not innocent and as intelligent people you know he is not innocent."

■■■ The defendant contends that he was denied a fair and impartial trial by the remarks and argument of the prosecutor. We recognize that extreme care is required to prevent prejudicial arguments and comments which might deprive an accused of a fair and impartial trial and that

this is particularly true in cases involving sexual offenses. (*People v. Garreau*, 27 Ill.2d 388, 189 N.E.2d 287.) The prosecutor improperly argued that if the defendant were released he would "probably grab another nine year old boy" and that the jury would have to keep their children locked up if the defendant were freed. Improper comments and argument cannot be condoned, but they do not warrant the overturning of a jury verdict unless they represent a material factor in the conviction and unless the verdict could have been otherwise had the remark not been made. *People v. Davis*, 46 Ill.2d 554, 264 N.E.2d 140, *People v. Nicholls*, 42 Ill.2d 91, 245 N.E.2d 771, *People v. Naujokas*, 25 Ill.2d 32, 182 N.E.2d 700.

In the instant case, each time that an objection was raised, it was sustained. The jury was instructed to disregard the word, "pervert," and the word, "moron," was stricken. The jury, moreover, was instructed to disregard all statements not supported by the evidence. (See: *People v. Daugherty*, 43 Ill.2d 251, 253 N.E.2d 389.) In *People v. Halteman*, 10 Ill.2d 74, 139 N.E.2d 286, the defendant, in an appeal from a conviction for taking indecent liberties with a child, contended that he was prejudiced by a reference to him in closing argument as a "moron." The Supreme Court held that "this was fair comment, as one who indulges in the practice of taking indecent liberties with a child is, to say the least, so regarded generally." (83)

■■ The evidence of the defendant's guilt is overwhelming. Two witnesses viewed the commission of the deviate sexual conduct. The victim gave his testimony in a clear and forthright manner. The defendant admitted that the act was committed, but denied that it was done by force or with his knowledge. Some of the remarks of the prosecutor were improper, but when we view them in the context of the trial, we cannot say that they were so prejudicial as to warrant a reversal. As stated in *People v. Nicholls*, 42 Ill.2d 91 at 100, 245 N.E.2d 771 at 777, "Considering the comments made in the light of the evidence of guilt presented by the prosecution, it cannot be said they represented a material factor in the conviction and that the verdict would have been different had the comments been unsaid." See: *People v. Berry*, 18 Ill.2d 453, 165 N.E.2d 257.

In *People v. Garreau*, 27 Ill.2d 388, 189 N.E.2d 287, relied upon by the defendant, James Garreau was found guilty of rape by a jury which set the penalty at imprisonment for a term of 199 years. The prosecutor in his closing argument "referred to the defendant as a pervert, a weasel and a moron; told the jury that the defendant, who raped his mother's friend, would rape a dog and would rape each and every member of the jury; told the jury that the defendant would always be a danger to

society, even if he lived to be 80 years old; and told the jury that they should fix a punishment of at least 199 years." (391) Objections were made and sustained to some parts of this argument. The Court held that the argument was so inflammatory as to deprive the accused of a fair trial and noted that the prejudicial effect of the argument was demonstrated by the severity of sentence set by the jury. In the instant case, improper remarks were made, but we cannot say that they were a material factor leading to the verdict in view of the overwhelming evidence of the defendant's guilt.

■■■ The defendant next contends that the sentence imposed was excessive. A reviewing court is empowered under Supreme Court Rule 615(b) (4) (Ill. Rev. Stat. 1969, ch. 110A, par. 615(b) (4)) to reduce the punishment imposed by the trial court. The power, however, is exercised with caution and circumspection. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) Under the facts and circumstances of this case we are of the opinion that an appropriate sentence is imprisonment for a term of not less than seven nor more than fifteen years in the penitentiary. *People v. Mitchell*, 73 Ill.App.2d 35,220 N.E.2d 19.

The sentence imposed is reduced to a minimum of seven years and a maximum of fifteen years, and the judgment of the Circuit Court as modified is affirmed.

Judgment affirmed as modified.

DIERINGER, P. J., and ADESKO, J., concur.