THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PERCY HARRIS *et al.*, Defendants-Appellants.

(No. 57212;

First District (5th Division)—July 11, 1973.

James J. Doherty, Public Defender, of Chicago, (Bernard L. Schwartz, Assistant Public Defender, of counsel,) for appellants.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Bernard S. Armel, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial, the defendants were convicted of theft. (Ill. Rev. Stat. 1969, ch. 38, sec. 16—1(a—1).) Defendant Harris was sentenced to four years probation, the first nine months to be served in the House of Correction, and defendant Page was sentenced to a term of one to three years in the Illinois State Penitentiary. Defendants appeal.

The issues presented for review are:

1. Whether a determination of the defendants' credibility made by the trial court based upon an independent investigation by the trial judge, untested by cross-examination or any of the rules of evidence, into matters which were subject to the attorney-client privilege denied the defendants due process of law.

2. Whether the defendants were proved guilty of theft beyond a reasonable doubt where:
   a. The evidence failed to prove that the vehicle the defendants were allegedly in was the same vehicle stolen from the complainant.
   b. The identification of the defendants as the alleged offenders was doubtful, vague and uncertain.
   c. The evidence failed to prove that the defendants were in possession of and exerted unauthorized control over the allegedly stolen automobile with intention of permanently depriving the owner of possession or use.
   d. The trial judge shifted the burden of proof to the defendants after the trial court conducted an independent investigation.

Mrs. Helen Robinson testified that on January 9, 1971, at about 11:30 P.M., she parked her car, a gold 1964 Chevrolet, at the corner of 39th and Indiana, locked it and left. She returned about a half hour later and could not find her car. She called the police to report it missing and was informed that she had to have the serial number. She went home to get it and, while there, received a call from the police that they had recovered the car.

At about 12:30 A.M., on January 10, 1971, Officers Hudik and Pavelich, while riding in an unmarked car and before they had any knowledge of the report by Mrs. Robinson, noticed a gold 1964 Chevrolet in the area of 43rd and Prairie Avenue. They noticed that the three occupants appeared to be very young and approached the vehicle and attempted to get the attention of the youths by flashing the spotlight into the car. This attempt was ignored and the officers again flashed the light into the car. This time the three youths turned around and looked at the police car. They then accelerated and the officers gave chase with the siren and the Mars light on. The youths then proceeded to an empty lot, emerged from the car while it was still moving and started running. The officers stopped their car, got out and followed on foot, but were unable to catch them. Officer Hudik returned to the police car and called for assistance, giving a description of the three youths to Officer Larisey, who, along with Officer Berris, responded to the call for assistance. Officer Hudik then returned to the gold Chevrolet and noticed that the ignition was pulled out and the right front fender damaged.

About five or ten minutes later, Officers Larisey and Berris arrested three individuals on the corner of 43rd and Wabash. Officers Hudik and Pavelich were called and identified them as the same three they saw leaving the gold Chevrolet. They were then taken to the station.

The defendants testified that they were at a party and had gone to a restaurant across the street from the party to order some food. After ordering the food, they were on their way to a store on the corner of 43rd and Michigan to buy some cigarettes when they were arrested on the corner of 43rd and Wabash.

At the trial, the court asked the defendants' attorney if the defendants told their alibi story to the public defender at their first meeting. The defendants' attorney said he had no notes as to such a statement and the trial judge then replied that he could not believe the defendants' story in that it only came out ten months after the occurrence.

■■ The defendants' first contention on appeal revolves around the idea that the trial judge based his determination of the defendants' credibility on an independent investigation, thus denying the defendants due process of law. The alleged independent investigation arose out of the trial judge's questioning of the defense attorney after the defense rested. The trial judge asked the attorney whether the defendant told their alibi story to the public defender at their first meeting. What the trial judge was getting at was whether the review sheet, which the public defender fills out at the first meeting with the defendants, was in the file and contained this story. The questions by the trial judge did not constitute an independent investigation, but were prompted by evidence produced in open court and made part of the record. (*People v. Burts* (1958), 13 Ill.2d 36, 37, 147 N.E.2d 281.) The record shows that the arresting police officers testified that the defendants did not tell them this story at the time of their arrest. It was the trial judge's intent to resolve the conflict in the testimony of the officers and the defendants. This issue was raised in *People v. Burts* (1958), 13 Ill.2d 36, wherein the court said at page 39:

> "The remarks of the court in this cause are all based upon or are prompted by evidence produced in open court and appearing in the record of proceedings. Certainly the evidence produced strongly suggests that defendant was engaged in pandering. The court merely noted that such a case would be tried in the police court were it not for the additional factor of robbery as in this cause. The evidence produced disclosed that the defendant owned a car although he had previously appeared as a pauper requesting and receiving representation by the public defender. While these remarks of the court are intemperate and ill-advised, they are elicited by and based upon facts appearing in the record. We do not believe that this record establishes that the trial judge conducted a private investigation of this matter, and hence the de-

fendant has not established a prejudicial error in this regard. (*People v. Savage*, 5 Ill.2d 296.) Moreover, the court in hearing a cause is deemed to consider only that evidence which is competent in making his determination. (*People v. Popescue*, 345 Ill. 142.) Our review indicates there is sufficient competent evidence to support the court's finding."

■■ Since the questioning by the trial judge did not constitute an independent investigation, and the credibility of the witnesses in a bench trial and the weight of the evidence are for the trial judge to determine, this determination will not be disturbed on review unless the evidence is so unconvincing and unreasonable or unsatisfactory as to leave in the minds of this court serious doubt of the defendants' guilt. (*People v. James* (1969), 109 Ill.App.2d 328, 248 N.E.2d 777; *People v. Savaiano* (1973), 10 Ill.App.3d 666, 294 N.E.2d 740.) We find in this case that the evidence is clear and convincing and it will not be overturned.

Considering all of defendants' arguments as a whole, we find no reason to interfere with the trial court's finding of guilty. It is our opinion that each of the defendants herein was afforded a fair trial and that each was convicted of the crime of theft beyond a reasonable doubt.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and DIERINGER, J., concur.