THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE NORFLEET (Impeaded), Defendant-Appellant.

(No. 54996;

First District (5th Division)—October 19, 1973.

James J. Doherty, Public Defender, of Chicago, (Lee T. Hettinger, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, John M. Cutrone, and Ricky Petrone, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

The defendant, along with a co-defendant, Joseph Blakely, was found guilty by a jury for the crime of armed robbery (Ill. Rev. Stat. 1967, ch. 38, par. 18—2) and sentenced by the court to a term of eight to 12 years, the sentence to run consecutively to an earlier five to ten year sentence for a robbery that occurred that same evening. Blakely's conviction was affirmed by this court in *People v. Blakely,* 7 Ill.App.3d 1012, 289 N.E.2d 269.

On appeal the defendant contends: (1) that he was not proven guilty beyond a reasonable doubt; (2) that he was denied a fair trial because prejudicial hearsay evidence was admitted; (3) that evidence of another crime was erroneously admitted; (4) that the prosecutor in his closing argument erroneously referred to the jurors as "future victims" and commented on the defendant's failure to call certain witnesses thereby denying defendant a fair trial; and (5) that the consecutive sentence is excessive in light of the circumstances of this case and defendant's background.

Considerable background to this case can be found in *People v. Blakely* and in *People v. Norfleet,* 4 Ill.App.3d 758, 281 N.E.2d 761, where we affirmed defendant's first sentence of five to ten years.

From the evidence presented it was established that on the evening of October 7, 1968, at approximately 11:00 P.M., Mary Harris and her son Ulysses were returning home from the store. As they were parking their white 1960 Cadillac automobile, Blakely, with a gun in his hand, walked in front of the car and approached Mrs. Harris' door. He then ordered Mrs. Harris out of the car. Although stating that three other persons were present, she could identify only Blakely.

Ulysses Harris testified that he saw Blakely cross in front of his mother's car with a gun and order her out of the car. He also noticed three other persons approaching the car from across the street. He got out of the car as these three persons had reached his door. He testified that as he was face to face with the defendant, the defendant told him not to try anything. Ulysses then went around behind the car, told his mother to let them have the car and began running behind her, as she ran down the sidewalk. While running, he turned and saw the defendant who was yelling "shoot them."

The area was well lighted, both by the car's lights and by street lights. Ulysses stated that he could clearly see across the street.

About a half hour later, John Makar, a Chicago police officer, gave chase to a speeding white Cadillac which matched the description of the Harris car. After chasing it for a short distance, the Cadillac stopped and its four occupants fled down an alley. The officer arrested one of them, Blakely, and found he had a gun and a C.T.A. money changer; both items were later identified as having been taken in a bus robbery earlier that evening. Officer Robert Krause, responding to a radio message that officer Makar was chasing a white Cadillac, proceeded to the scene and arrested the defendant as he was running in an alley.

Neither the defendant nor Blakely offered any evidence.

OPINION

Defendant first contends that the testimony of the single identification witness, Ulysses Harris, was not sufficient to prove him guilty beyond a reasonable doubt. He argues that the witness' attention was primarily focused on Blakely, and there was little opportunity to observe the other assailants. He also notes that the witness admitted that he never had seen the defendant or Blakely prior to this occurrence.

■■ In *People v. Betts,* 101 Ill.App.2d 322, 326, 243 N.E.2d 282, the court held "* * * that positive identification by one witness who has sufficient opportunity for observation may be enough to support a conviction." See *People v. Burts,* 13 Ill.2d 36, 147 N.E.2d 281.

■■ Ulysses had an adequate opportunity to identify the defendant. The area was well lighted and he was face to face with the defendant for a period of time. His attention was directed at the defendant when

the defendant spoke to him. The witness later identified and described a scar on defendant's face. His identification was positive, credible, uncontradicted, and unshaken during cross-examination. "* * * [I]t is the function of the trier of the facts to determine the credibility of the witnesses and its findings will be disturbed only where the evidence is so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt." (*People v. Hampton*, 44 Ill.2d 41, 45, 253 N.E.2d 385.) In light of the clear and convincing evidence presented, we cannot find that a reasonable doubt existed as to defendant's guilt.

Defendant urges that the admission of the hearsay evidence of Officer Krause concerning a message that "Officer Makar and Pikowski were chasing a white Cadillac eastbound on 45th street from Honore" was extremely prejudicial in view of the "weak, single identification of defendant as a participant." As we have already noted, the witness' identification was clear and convincing. Apart from this, there were no objections made to this testimony so we need not consider the point. (*People v. Williams*, 28 Ill.2d 114, 116, 190 N.E.2d 809.) In any event we do not perceive any substantial prejudice in this regard.

Defendant next contends that evidence of another crime was erroneously admitted against him in that Officer Makar testified that he found a C.T.A. money changer on Blakely at the time of his arrest. He argues that this type of evidence can be so prejudicial as to call for a reversal and cites *People v. Butler*, 133 Ill.App.2d 299, 273 N.E.2d 37, in support of this contention. Here again, however, no objection was interposed in the trial court, and *People v. Williams* is controlling.

■■ It should also be noted that whether evidence is prejudicial will depend on the circumstances of the case, and that a judgment will be reversed only where "* * * the questionable language, considered in light of all the evidence of guilt, was a material factor in the conviction and that the verdict or finding would have been different had the language not been used." (*People v. Smith*, 6 Ill.App.3d 259, 263, 285 N.E.2d 460.) The C.T.A. money changer was found on Blakely at a time and place wholly without connection to the defendant. The prosecutor never pursued this line of inquiry, so the total evidence presented was this one statement. Nor did the prosecutor ever try to connect defendant to this evidence. In view of the other overwhelming evidence of guilt, this single statement could not be viewed as prejudicial to the defendant.

■■ Defendant argues that he was deprived of a fair trial by certain statements made by the prosecutor during closing argument. He first points to the fact that the prosecutor stated that if the defendants were set free, the jurors might be their future victims. "Improper comments

and arguments cannot be condoned, but they do not warrant the over-turning of a jury verdict unless they represent a material factor in the conviction and unless the verdict could have been otherwise had the remark not been made." (*People v. Johnson*, 5 Ill.App.3d 718, 721, 284 N.E.2d 48.) In light of the evidence presented, we believe the verdict could not have been otherwise had the remark not been made.

Defendant also complains that the prosecutor commented on defendant's failure to call two other persons as witnesses in his behalf. These two other persons, whose identities were known, were allegedly the other participants in the crime. He argues that this comment placed a burden on him that the law does not require and which conflicts with the presumption of innocence.

In his closing argument, the prosecutor stated:

> "And now comes a very big and significant proposition. There were other people present and the defense attorney says, 'Gee, where are those other persons?' Now you recall that they asked certain officers on the stand and they took the stand. Did you know the identity of the other persons? The officers said, 'yes, I do.'
>
> Now, in the argument counsel, who also knows the names of the other persons and knows where they are at the present time, asks you why didn't the State bring them in? Well, we don't have to bring in, ladies and gentlemen, persons who would do the State no good. They were co-defendants with these two individuals.
>
> Well, at any rate, it would seem to me that you would understand that the defense attorneys there had a right to bring them in. They could have subpoenaed them in if they wanted them to come before the court, could they not? They didn't do that, did they?"

This argument was made in reply to earlier comments made by the two defense attorneys in their own closing arguments where they had stated:

> "Now, isn't that rather unique? Because it was also brought out in the testimony that the Cadillac was stopped and that there were four people in that Cadillac when the police stopped them forty-five minutes later at the latest. Four—and the police tell you that they identified all four people in that car. Now, of course, you only have two here today. Only one of them is positively identified by the witnesses, and they claim that that one's Joseph Blakely.
>
> As to the identification, where are the other two gentlemen that

were involved in this situation? Why aren't they here? Why is it so easy for someone to take a stand and look down at the only two people who could possibly be the defendants in this courtroom. I don't see anybody else around."

"It is well settled that the defense cannot invite reply in its closing argument and thereafter complain on appeal that it was prejudiced by the rebuttal which followed." *People v. Burton,* 6 Ill.App.3d 879, 888, 286 N.E.2d 792; *People v. Lewis,* 25 Ill.2d 442, 185 N.E.2d 254; *People v. Lockett,* 6 Ill.App.3d 867, 871, 286 N.E.2d 809.

■■■ In the instant cause the defendant's counsel initiated the inference that the two other participants were missing and the prosecution was therefore keeping something from the jury. This opened the way for the prosecutor to dispel such an inference, and defendant cannot be heard to complain.

Finally, defendant contends that the consecutive sentence is excessive in light of the circumstances of this case and defendant's background. Defendant was given a sentence of eight to 12 years to run consecutively to a five to ten years sentence previously given to him. This prior sentence resulted from an armed robbery which took place on the same night and shortly before the robbery in the instant cause. Prior to the evening of October 7, 1968, the defendant, 23 years old, had absolutely no criminal background.

In the appeal of the co-defendant, Blakely, this court stated:

"We recognize that a reviewing court must use great caution in reducing or modifying sentences (*People v. Nelson,* 127 Ill.App. 2d 238, 248, 262 N.E.2d 255); and the power to alter a sentence will be exercised only to prevent arbitrary or oppressive sentencing, to provide sentences proportionate to the crime, and to reflect the varying rehabilitation potentials of the defendant. See *People v. Taylor,* 33 Ill.2d 417, 424, 211 N.E.2d 673, affirmed on appeal after remand 40 Ill.2d 569, 241 N.E.2d 409, and *People v. Ramey,* 115 Ill.App.2d 431, 253 N.E.2d 688.

\* \* \*

Needless to say, we do not condone the offenses committed by this defendant, but we must recognize that under those sentences there could scarcely be any real test of his desire to rehabilitate himself, and, although we cannot predict whether such desire exists, we believe that long consecutive sentences for this related series of three offenses (all committed within about an hour) do not provide a reasonable opportunity for rehabilitation." *People v. Blakely,* 7 Ill.App.3d 1012, 1016—7.

The State in its brief on appeal agrees that the sentence is excessive.

Defendant's sentence is therefore modified so as to run concurrently with his prior sentence of five to ten years, and as modified it is affirmed.

Judgment modified and affirmed.

ENGLISH and SULLIVAN, JJ., concur.