THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL STARR, Defendant-Appellant.

Fifth District   No. 75-39

Opinion filed April 13, 1976.

496

Stephen P. Hurley, of State Appellate Defender's Office, of Mt. Vernon, and Ken Hartmann, Law Student, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant was convicted by a jury in the circuit court of St. Clair County of the crime of armed robbery and sentenced to the penitentiary for a term of four to ten years. On appeal he raises the following issues: (1) whether the evidence was sufficient to prove him guilty beyond a reasonable doubt; (2) whether reversible error occurred in four instances: (a) when the court allowed the introduction into evidence of a gun found under the defendant's pillow when he was arrested, but the gun was not otherwise shown to be connected with the offense; (b) when the court allowed improper prosecutorial argument based on facts not in evidence; (c) when the court denied a motion for a new trial on the basis of newly discovered evidence; and (d) when the court refused to hold a hearing on a motion to suppress evidence under section 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 114—12).

A review of the facts necessary to a determination of the first issue can be stated briefly. On the afternoon of December 14, 1972, the East St. Louis offices of the Phillips Ebony Insurance Agency were robbed by three armed men. The people present at the time were the owners of the business, Ben Phillips, Jr., and his father Ben Phillips, Sr., John Overall, a customer, and Alberta Gulley, a secretary. There was testimony that other people were present but they were not identified by name.

The first man to enter the offices was identified at trial by Ben Phillips, Jr., as being the defendant. This man remained in the front office with Ms.

Gulley. The other men took the Phillipses, and the customers into another room where their rings, watches, wallets and credit cards were taken from them. Money was also taken from a drawer in the front office.

On February 15, 1973, the defendant and two other persons, Ronald Bevineau and Kenneth Bevineau, were arrested at an apartment in St. Louis. The defendant was found sleeping in one of the bedrooms and a gun was found beneath his pillow. The arresting officers also found on the dresser in the room credit cards which were later identified as those taken in the robbery. Both the gun and the credit cards were introduced into evidence at trial.

The defendant offered an alibi defense. Mr. Clinton Johnson, the chief welding instructor at the Urban Technical Center in St. Louis, testified on the basis of attendance records that the defendant had been in class from 10 a.m. until 5 p.m. on the day of the robbery. Part of these attendance records were introduced into evidence, including the record of attendance on the day of the robbery; which showed the defendant signing in at 10 a.m. and signing out at 5 p.m.

■■ The defendant attacks the State's evidence on three principal grounds. First, the defendant argues that the identification testimony of Ben Phillips, Jr., was disproved by the testimony of Alberta Gulley who, although she observed the robber for a longer period of time, did not identify the defendant. The record reveals, however, that Ms. Gulley never claimed to be in a superior position to observe the defendant. Further, she did not refute Mr. Phillips' identification; she simply was not able to identify the defendant herself. The defendant concludes, citing *People v. Betts*, 101 Ill. App. 2d 322, 243 N.E.2d 282, that a reviewing court must reverse a conviction based upon eyewitness identification testimony where the witness with the best chance for observation could not identify the defendant. In *People v. Betts*, however, the victim did not merely fail to identify the defendant but positively stated that the defendant was not the robber, and the case is not controlling authority for the factual situation here.

Secondly, the defendant argues that the identification testimony of Ben Phillips, Jr., was not credible. Phillips stated that the defendant was the person who first came into the office. He stated that he observed this man for 45 seconds to a minute while they were separated by a distance equal to that from the witness stand to the counsel table. The room was very light because of a picture window. Mr. Phillips stated that he got a "good look" and was "positive" that the defendant was the robber. He testified that it was a business practice of his to remember everyone who came into the office.

■■ The credibility of the identification testimony of Ben Phillips, Jr., was a matter for the determination of the jury. Some people remember

faces while others do not. Some people respond well to stressful situations while others break down under strain. The demeanor of this witness was important. The degree of resolution and confidence with which he answered the questions bore on his credibility. These qualities were only manifested in front of the jury and cannot be resurrected from a cold record. It is settled law that the testimony of a single witness, if it is positive and the witness credible, is sufficient for a conviction even though the accused has contradicted the testimony. (*People v. Tribbett*, 41 Ill. 2d 267, 242 N.E.2d 249.) Upon due consideration of defendant's argument and the record upon which it is based, we are not disposed to set aside the jury's finding.

■■ Defendant's final argument based on sufficiency of the evidence is that his whereabouts at the time of the robbery was indisputably established by the testimony of his instructor that he was in class. However, on cross-examination the instructor, Mr. Johnson, testified that he had no knowledge of class attendance independent of his records. Furthermore, although he testified that the signing in and out were closely supervised, the times were often out of sequence, indicating that the supervision was not as strict as Mr. Johnson claimed. On the page representing the attendance on the day of the robbery the defendant signed in at 10 a.m. while the student whose signature follows that of the defendant signed in at 8:45 a.m. The instant case falls within the rule enunciated by the Illinois Supreme Court in *People v. Underhill*, 38 Ill. 2d 245, 254, 230 N.E.2d 837, 842. "We will not substitute our judgment for that of the trier of facts where the evidence is merely contradictory, including situations where an alibi is offered on behalf of the accused."

■■ The defendant next contends that there were four instances of prejudicial error at his trial which require that his conviction be reversed. The defendant argues that prejudicial error occurred when the court permitted the introduction into evidence, over defense objection, a gun found under his pillow at the time of his arrest where the gun was not connected in any manner to the weapon used in the offense. He concedes that it is not necessary that a witness identify a gun as the same weapon used in committing a crime but argues that the State must establish some factor, such as similarity in appearance or proximity in time or distance, connecting the gun to the offense. This is not a correct statement of the applicable law. It has long been the rule in Illinois that a weapon possessed by a defendant at the time of his arrest may be admitted into evidence if it is one suitable for the commission of the offense charged, with no necessity for connecting the weapon with the crime in any other manner. (*People v. Lenhardt*, 340 Ill. 538, 173 N.E. 155; *People v. Gambino*, 12 Ill. 2d 29, 145 N.E.2d 42; *People v. Magby*, 37 Ill. 2d 197, 226 N.E.2d 33.) The gun in question was properly admitted under this rule.

The defendant claims that he was prejudiced by the following references to facts not of record made during the prosecutor's closing argument: (1) The defendant, Kenneth Bevineau, and an unknown third person committed the robbery in East St. Louis and then drove back across the river to the apartment in St. Louis (where they were later arrested); (2) Ben Phillips, Jr., identified Kenneth Bevineau as one of the robbers; (3) Ben Phillips, Jr., did not identify Ronald Bevineau as one of the robbers.

The defendant points out that defense counsel objected to each of these remarks, was overruled by the court, and his objection that these recitals were not in evidence was subsequently confirmed by the record. He argues these remarks bolstered the identification testimony of Phillips and improperly and prejudicially provided an additional link between the crime and the defendant.

■■■ The first remark, concerning the defendant's fleeing across the river, was an arguable inference and was therefore proper. While the remaining two remarks were technically improper it is difficult to determine how they prejudiced the defendant in light of the other evidence of his guilt presented at trial which has been reviewed previously. Reviewing courts are reluctant to set aside a verdict on the ground of remarks made during closing argument and do so only where those remarks are clearly prejudicial, such as an expression of the prosecutor's personal belief as to the defendant's guilt, comment upon the defendant's failure to testify or attacks upon the defendant or his counsel which are inflammatory in the extreme. (*People v. Martin,* 29 Ill. App. 3d 825, 331 N.E.2d 311.) As the Illinois Supreme Court has expressed in *People v. Berry,* 18 Ill. 2d 453, 458, 165 N.E.2d 257, 259, "[w]here it appears that improper remarks do not constitute a material factor in the conviction, or that they are of such a minor character that prejudice to defendant is not their probable result, the verdict will not be disturbed." The remarks of the prosecutor in the instant case fall within this category.

The defendant also contends that the trial court erred in denying his motion for a new trial where he presented an affidavit from an inmate of the Missouri Penitentiary which recited that the affiant had participated in the robbery and that another named person, not the defendant, had been his accomplice.

■■ *People v. Baker,* 16 Ill. 2d 364, 158 N.E.2d 1, cited by the defendant, correctly states the standard for review of a motion for a new trial on the ground of newly discovered evidence.

"A motion for a new·trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge and denial thereof will not be disturbed upon review in the absence of a showing of an abuse of discretion. [Citation.] To warrant a new

trial, the new evidence must be of such conclusive character that it will probably change the result on retrial, that it must be material to the issue but not merely cumulative, and that it must have been discovered since the trial and be of such character that it could not have been discovered prior to trial by the exercise of due diligence." (16 Ill. 2d 364, 373-74, 158 N.E.2d 1, 6.)

Further, as this court has stated in *People v. Howze*, 7 Ill. App. 3d 60, 286 N.E.2d 507:

"Applications for a new trial on the ground of newly discovered evidence are not favored, and in order to prevent, so far as possible, fraud and imposition which defeated parties may be tempted to practice, such application should be subjected to closest scrutiny, the burden being on the applicant to rebut the presumption that the verdict is correct and to show there has been no lack of diligence, and the exercise of discretion in denying such application will not be disturbed except in case of manifest abuse." (7 Ill. App. 3d 60, 68-69, 286 N.E.2d 507, 513.)

Here the defendant did not meet his burden to show that there had been no lack of diligence on his part in discovering this evidence. Approximately one year and four months elapsed after the defendant's arrest prior to the discovery of the witness. It was incumbent upon the defendant to show how he learned of this witness in order to establish the witness' previous inaccessibility. This he did not do and the trial court was therefore correct in denying the motion.

Lastly, the defendant argues that he was prejudiced by the trial court's refusal to hold a hearing on his motion to suppress evidence pursuant to section 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 114—12). The defendant was indicted with a co-defendant, Kenneth Bevineau, whose case was later separated for trial. A motion to suppress the gun and credit cards found when the defendants were arrested was filed on behalf of both defendants prior to the Bevineau trial. The record is unclear on this point but it appears that a hearing on the motion to suppress was held in chambers shortly after the commencement of the Bevineau trial and defendant was not present or represented during the hearing on the motion. The motion was denied but a transcript of the hearing was not included in the record.

The motion to suppress was later renewed as to defendant Starr. The court declined to hold a hearing on the motion, indicating that he would consider only evidence other than that which had been presented at the previous hearing conducted by a different judge during the Bevineau trial.

■■ This proceeding was erroneous. The defendant was entitled to be heard and to present evidence on the motion to suppress as it related to

him. As this was the only error to occur in the course of the proceedings the proper remedy is to remand with directions to vacate the judgment and to conduct a hearing on defendant's motion to suppress evidence during which defendant should be afforded the opportunity to appear with counsel and be heard. (*People v. Carr*, 20 Ill. App. 3d 838, 314 N.E.2d 374.) If the motion is granted there must be a new trial. If the motion is denied the vacated judgment should be reinstated. *People v. Thomas*, 88 Ill. App. 2d 71, 232 N.E.2d 259.

Remanded with directions.

KARNS, P. J., and EBERSPACHER, J., concur.