THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLAYTON VEROY SMITH, Defendant-Appellant.

(No. 54821; )

First District—June 13, 1972.

261

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and S. Paul Naselli, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Defendant Clayton Veroy Smith, and a Carl D. Stanley, were jointly indicted for aggravated battery, attempt rape and armed robbery. Defendant alone was tried by a jury. He was convicted. The court sentenced him to serve concurrent terms of two to three years for aggravated battery, five to ten for attempt rape, five to ten for armed robbery. In the trial court, defendant did not testify nor did he call any witness. In this court, he does not question the sufficiency of the evidence that convicted him. Therefore, the facts are uncontradicted.

These show that the complaining witness was a 47-year old woman who lived alone in Evanston, Illinois. At about 1:30 A.M. in the morning of January 6, 1969, she was aroused by a pounding on her front door. She answered. It was the defendant. The woman knew him because he had worked for her as a handyman. Defendant told the woman that his truck had broken down and asked to use her telephone to call for assistance. When the woman let defendant in, she discovered that Carl Stanley was with him. She knew Stanley because on one occasion he had worked as defendant's helper. Defendant used the telephone. As the two men were about to leave defendant suddenly struck the woman in the face and knocked her to the floor. He and Stanley demanded that she give them $36,000 which they claimed she had in the house. When she denied having the money, the two men, with defendant flourishing a knife, began ransacking the home. Then, while Stanley continued to search parts of the house alone, defendant compelled the woman to disrobe. He tried to insert his penis into her vagina but did not succeed.

A short time later, the two men found some champagne, wine and whiskey which they drank. This gave the woman an opportunity to escape. She ran to the home of a neighbor and reported the attack. The police were called. Ten minutes later, defendant and Stanley were arrested at a nearby elevated station. Later that morning an Evanston policeman, accompanied by Stanley, returned to the station where he recovered two watches, two rings and some money taken by defendant and Stanley from the woman's home.

From these facts and from questions raised at his trial, defendant contends that (1) he was denied a fair and impartial trial because on direct examination of the complaining witness, the prosecuting attorney purposely elicited testimony that defendant told her that he had spent five years in prison, a prejudicial disclosure which told the jury of defendant's prior conviction for an unrelated crime; (2) the prosecuting attorney engaged in improper conduct during closing argument when he expressed his personal belief in defendant's guilt and characterized defendant in language that was inflammatory and derogatory; (3) the State's evidence did not prove that what he did to the complaining witness was "great bodily harm," an essential element of the offense of aggravated battery; and (4) his conviction for aggravated battery must be reversed because that offense and the armed robbery and attempt rape resulted from the same conduct.

Defendant's first contention is based on a question asked of and answered by the complaining witness:

"Q. Now, did he indicate to you that he had any fear or didn't have any fear of assuming this type of activity?

The Witness: A. Yes, he did. He told me that he had been in prison for five years and he had nothing to lose."

Defendant argues that the question deliberately elicited testimony which the trial court allowed to stand and which cast him, in the minds of the jurors, as a criminal who had been convicted and sentenced for another crime. In support of this argument, defendant cites a long line of cases, all representing application of the rule against admission of evidence that proves a defendant committed another offense.

■■ These cases, in our judgment, are not in point. Defendant's invocation of them discloses a failure to understand the reason for the question and the relevancy of the answer. The question apparently was asked because the complaining witness had reported that defendant, contemporaneous with his criminal acts, made a declaration that revealed his thought processes. The question was proper. (*Watt v. People*, 126 Ill. 9, 18 N.E. 340; compare *People v. Colletti*, 101 Ill.App.2d 51, 242 N.E.2d 63.) The answer was relevant because it proved defendant's

mental state: his intent. This was admissible evidence. *People v. Newsome*, 291 Ill. 11, 125 N.E. 735; compare *Cunningham v. State, Ind.* (1971), 267 N.E.2d 181; see *People v. Costea*, 19 Mich. App. 166, 172 N.W.2d 488.

■■ The fact that the answer also suggested defendant's conviction of another crime did not make it inadmissible. Evidence that proves commission of an unrelated crime is admissible to show, by immediate inference, malice, deliberation, ill-will or the intent required for the offense charged. (McCormick, Law of Evidence, § 157 (1954).) When evidence is admissible on other grounds, it is not objectionable because it also discloses other offenses. (*People v. King*, 276 Ill. 138, 145, 114 N.E. 601; see *People v. Dewey*, 42 Ill.2d 148, 157, 246 N.E.2d 232; *People v. Aughinbaugh*, 131 Ill.App.2d 581, 266 N.E.2d 530.) Therefore, the first contention is without merit.

Defendant's second contention is based on the argument of the prosecuting attorney. Defendant contends that he was prejudiced in his right to a fair trial by an argument to the jury in which the prosecutor expressed personal belief in defendant's guilt and in his accountability for the conduct of Stanley. It was a prejudicial closing argument, defendant insists, because the prosecutor used highly inflammatory and derogatory language.

■■ In determining whether a prosecuting attorney's argument to a jury is prejudicial, reference must be made to the context of the language, its relation to the evidence and the effect of the argument on the rights of the accused to a fair and impartial trial. We have made this reference by a review of the record and conclude that the prosecutor's expression of belief in defendant's guilt was a conclusion drawn from the evidence. In this context, the argument was permissible. (*People v. Pargone*, 327 Ill. 463, 158 N.E. 716; *People v. Kemp*, 29 Ill.2d 321, 194 N.E.2d 217.) As to the language that defendant insists was inflammatory and derogatory, we conclude that it lacks these characteristics. But more importantly, defendant does not show how the prosecutor's argument affected his right to a fair trial. In claiming that prejudicial argument was used in his prosecution, a defendant has to show that his rights were substantially prejudiced. He must show that the questionable language, considered in light of all the evidence of guilt, was a material factor in the conviction and that the verdict or finding would have been different had the language not been used. (*People v. Nicholls*, 42 Ill.2d 91, 100, 245 N.E.2d 771; *People v. Acker*, 127 Ill.App.2d 283, 262 N.E.2d 247; *People v. Trice*, 127 Ill.App.2d 310, 262 N.E.2d 276.) Defendant has not done this. Therefore, the second contention is without merit.

Defendant's third contention is based on the bodily injury he inflicted

on the complaining witness. With commendable candor, defendant argues that he struck the complainant twice in the face with his fist, gave her a lump in her mouth, put a scar on her face, and left bruises under her chin. None of these injuries were permanent. Therefore, defendant argues that his conviction for aggravated battery must be reversed because the injuries were not "great bodily harm," a necessary element in the offense of aggravated battery.

■■ A person who, in committing a battery, intentionally or knowingly causes great bodily harm to another, commits aggravated battery. (Ill. Rev. Stat. 1969, ch. 38, par. 12—4 (a).) Whether aggravated battery is committed when the injury inflicted does not break the skin, does not injure the bones and does not leave disfigurement or permanent injury of any kind, is a question of fact to be determined by the judge or jury. *People v. Machroli,* 100 Ill.App.2d 227, 241 N.E.2d 609; *People v. Cavanaugh,* 18 Ill.App.2d 279, 152 N.E.2d 266.

■■ The statutory term "great bodily harm" is not susceptible to precise legal definition. (*People v. Allen,* 117 Ill.App.2d 20, 254 N.E.2d 103.) Defendant asserts that great bodily harm is synomymous with permanent injury. True, it can be argued that all permanent injury constitutes great bodily harm. It does not follow, however, that all great bodily harm consists of permanent injury. Indeed, many serious bodily injuries leave no lasting effect on the health, strength, and comfort of the injured person. (*Murphey v. State* (1894), 43 Neb. 34, 61 N.W. 491.) In the case before us, there was adequate evidence to support the jury's factual determination that the injuries which defendant inflicted on the the complaining witness constituted great bodily harm. (*People v. Machroli, supra.*) Therefore, the third contention is without merit.

Defendant's fourth contention is based on the conviction for aggravated battery. He argues that this conviction must be reversed because "[i]t arose out of the same transaction which constituted [the] conviction for the attempt rape or armed robbery."

■■ It is now settled that in this State concurrent sentences for crimes arising from the same conduct cannot be imposed. (*People v. Duszkewycz,* 27 Ill.2d 257, 189 N.E.2d 299.) If such sentences are imposed, the conviction for the lesser crime must be reversed and that sentence set aside. (See *People v. Ritchie,* 66 Ill.App.2d 302, 213 N.E.2d 651; *People v. Miller,* 74 Ill.App.2d 356, 220 N.E.2d 1.) On the other hand, where each of several crimes, although committed in the course of a single transaction, involves clearly divisible conduct, separate sentences are proper. (See *People v. Moore,* 51 Ill.2d 79, 281 N.E.2d 294; compare *People v. Thompson,* 3 Ill.App.3d 684, 278 N.E.2d 1.) In the case before us, the uncontradicted evidence proved that defendant first committed

aggravated battery on the complaining witness, then he attempted to rape her, and finally, after terrorizing her with a knife, he and Stanley robbed her. These were separate, distinct crimes that resulted from clearly divisible conduct. They were independently motivated and separable offenses. (See *People v. Thomas,* 127 Ill.App.2d 444, 262 N.E.2d 495.) Therefore, the fourth contention is without merit.

The judgments are affirmed.

Judgments affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.