The People of the State of Illinois, Respondent-Appellee, *v.* Clayton F. Smith, Petitioner-Appellant.

(No. 58324;

First District (4th Division)—November 14, 1973.

Paul Bradley, Deputy Defender, of Chicago (Kenneth L. Jones and Gordon Berry, Assistant Appellate Defenders, of counsel), for appellant.

. Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Mariann Twist, Assistant State's Attorneys, and. Nicholas P. Iavorne, Senior Law Student, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The petitioner, Clayton F. Smith, appeals from an order entered in the Circuit Court of Cook County dismissing his post-conviction petition.

The issues presented on review are whether the trial court abused its discretion in denying the petitioner an evidentiary hearing as to·a certain issue presented in his post-conviction petition, and whether the petitioner was adequately represented by counsel on his post-conviction petition.

Following a jury trial in the Circuit Court of Cook County, the petitioner, Clayton F. Smith, was convicted of armed robbery, attempt rape and aggravated battery. Thereafter, the petitioner perfected an appeal

in which the aforementioned conviction was affirmed. (*People v. Smith* (1972), 6 Ill.App.3d 259.) Pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, § 122—1 *et seq.*), the petitioner filed a post-conviction petition in which, among other issues, he alleged a substantial denial of his constitutional rights based on the incompetency of his trial counsel. On August 18, 1972, a hearing at which the petitioner was represented by counsel was held to determine whether the allegations raised in the post-conviction petition merited an evidentiary hearing. At the close of the hearing, the trial court entered an order denying the petitioner an evidentiary hearing and dismissing the post-conviction petition. The petitioner herein appeals from that order.

The first issue presented for review is whether the trial court abused its discretion in denying the petitioner an evidentiary hearing as to a certain issue presented in his post-conviction petition.

■■ The petitioner contends he should have been afforded an evidentiary hearing as to the incompetency of his trial counsel so that the trial court could more fully consider the allegation in his post-conviction petition which was based on facts outside the record of his original trial and which amounted to a substantial denial of his constitutional rights. He alleges his trial counsel and he argued over trial strategy, therefore he was denied a fair trial. In support of this contention, the petitioner relies on the decision in *People v. Sigafus* (1968), 39 Ill.2d 68, where the court stated that when a claim of substantial denial of a constitutional right is based on assertions beyond the record, it is contemplated by the Post-Conviction Hearing Act that evidence be taken at a post-conviction hearing. There is no merit in this contention.

The second issue presented for review is whether the petitioner was adequately represented by counsel in the presentation of his post-conviction petition.

The petitioner contends he was represented by incompetent counsel at his post-conviction hearing. The basis for this contention is the petitioner's assertion that his appointed counsel did not expend sufficient effort to shape the arguments presented in the petitioner's post-conviction petition into adequate legal form. Moreover, the petitioner argues that since his counsel was not compensated by the court for handling the post-conviction, his counsel's advocacy was less than active and, therefore, inadequate.

■ ■■ We reject the contention that the petitioner's appointed counsel did not shape the allegations in the post-conviction petition into adequate legal form as being totally devoid of merit. The allegations in the petitioner's post-conviction petition were based on the trial court proceedings which have been found to be without error in an earlier appeal.

(*People v. Smith* (1972), 6 Ill.App.3d 259.) It would therefore be difficult, if not impossible, for this court to now find error based on allegations in a petition arising from such proceedings, whether the allegations were shaped into adequate legal form or not. Here, however, the record reflects the arguments were presented at the post-conviction hearing in an adequate legal manner. We further find no basis for the petitioner's contention that since his appointed counsel received no compensation, he received less than active advocacy by such counsel.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.