(No. 48043.-■■■■■■■■
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. DICK MONROE, Appellee.

*Opinion filed April 5, 1977.*

318

RYAN, J., took no part.

William J. Scott, Attorney General, of Springfield, and Frank X. Yackley, State's Attorney, of Ottawa (James B. Zagel and Jayne A. Carr, of Chicago, and Charles H. Levad, of Springfield, Assistant Attorneys General, and Edward

N. Morris and Martin P. Moltz, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Elgin, of counsel), for the People.

Louis E. Olivero, of Peru, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of La Salle County, defendant, Dick Monroe, was convicted of delivery of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(c)). Holding that erroneously admitted testimony and improper closing argument were prejudicial to defendant, the appellate court reversed and remanded for a new trial. (32 Ill. App. 3d 482.) We allowed the People's petition for leave to appeal.

In an indictment returned on November 8, 1973, defendant was charged with delivery of a controlled substance. William Barrett, a special agent for the Illinois Bureau of Investigation, testified that on May 21, 1973, he and David Krug, a special agent for the United States Treasury Department, were conducting an undercover narcotics investigation in the La Salle-Peru area. While driving in La Salle, accompanied by Krug and an informant, Barrett saw Greg Ghighi standing at a street corner. On a prior occasion he had purchased drugs from Ghighi. He inquired whether Ghighi had any LSD to sell, and Ghighi replied that he had 100 units which he would sell for $1 per unit. Barrett then asked if Ghighi knew anyone who would sell for a "better price." Ghighi answered that he could contact his supplier, Dale Quimby. Ghighi, Barrett, Krug and the informant drove to Ki John's Tavern, and Ghighi went inside the tavern alone. Upon returning to the automobile, Ghighi told Barrett that Quimby was not present but that the bartender could sell the LSD for him. Barrett stated that he and Ghighi entered the tavern and Ghighi introduced him to defendant, who

was tending bar. In negotiating the purchase of LSD Barrett asked defendant if he would take less than $75 per 100 units. Defendant replied that Quimby had instructed him to sell for that price "and he could not come down." Barrett testified further that he paid defendant $225 for 300 units of "Mr. Natural LSD."

The record shows that in his opening statement the assistant State's Attorney said that the evidence would show that on May 16, 1973, Barrett had purchased LSD from Ghighi and that in closing argument he commented on Barrett's testimony that Ghighi had LSD for sale. The appellate court, referring to the testimony and argument, and other portions of the closing argument which will be discussed later, concluded that "the improper admission of evidence and the prosecutor's argument concerning Greg Ghighi's previous sales of narcotics to Agent Barrett prejudiced the defendant. The total effect was to deprive the defendant of his constitutional right to a fair trial." 32 Ill. App. 3d 482, 490.

The People contend that the testimony concerning Ghighi's past sales of LSD to Barrett was admissible as "relevant background information," and alternatively that if the testimony was erroneously admitted, the error was harmless. It is defendant's position that the decision of the appellate court is correct.

The authorities cited by the parties in support of their respective arguments and those found in our own research involved testimony concerning prior criminal conduct of the defendants and therefore are not precisely in point. In deciding whether the evidence was admissible we are mindful that "The basic principle that animates our law of evidence is that what is relevant is admissible. Exceptions to that principle must justify themselves." (*People ex rel. Noren v. Dempsey,* 10 Ill. 2d 288, 293.) "Relevancy is established where a fact offered tends to prove a fact in controversy or renders a matter in issue more or less probable." (*Marut v. Costello,* 34 Ill. 2d 125, 128.) A

definition of "relevant evidence," fairly simple of application, is to be found in Rule 401 of the Federal Rules of Evidence, which provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The notes of the Advisory Committee state:

> "Problems of relevancy call for an answer to the question whether an item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence. ***
>
> * * *
>
> Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Does the item of evidence tend to prove the matter sought to be proved? Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand. ***
>
> * * *
>
> The rule uses the phrase 'fact that is of consequence to the determination of the action' to describe the kind of fact to which proof may properly be directed. The language is that of California Evidence Code sec. 210; it has the advantage of avoiding the loosely used and ambiguous word 'material.' Tentative Recommendation and a Study Relating to the Uniform Rules of Evidence (Art. I. General Provisions), Cal. Law Revision Comm'n, Rep., Rec. & Studies, 10-11 (1964). The fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action. ***"

Applying the foregoing definition of relevant evidence it is clear that the testimony concerning Ghighi's prior sales of LSD to Barrett was relevant in that it explained why Barrett would inquire whether Ghighi had LSD for sale, and where more of it might be purchased.

It is the long-established rule that evidence admissible for one purpose cannot be excluded for the reason that it

would not be admitted for another purpose, and that the party against whom it is admitted may tender instructions appropriately limiting the purpose for which it may be considered. (*Jamison v. People,* 145 Ill. 357.) Admissibility may also depend upon whether the probative value of the evidence outweighs its prejudicial effect to the defendant. (*People v. DeHoyos,* 64 Ill. 2d 128; *People v. Lefler,* 38 Ill. 2d 216.) Applying these rules to Barrett's testimony concerning the earlier purchase of LSD from Ghighi, we are in agreement with the People's contention that it was admissible as relevant background information and that in admitting it the circuit court did not err.

Although we hold that the circuit court did not err in admitting the testimony of Ghighi's prior sales to Barrett, our examination of the record persuades us that other trial errors deprived defendant of a fair trial. Barrett was permitted to testify that when Ghighi came out of the tavern he stated that "Quimby was not present, but the bartender was selling LSD for him." Ghighi did not testify, and the statement was hearsay. In the context in which it was given it is unlikely that the jury failed to consider the testimony as proof of defendant's guilt.

The atmosphere in which the trial was conducted is reflected in the remark of the circuit court made during one of the many in-chambers discussions that "All through this case we have been trying the lawyers rather than the issues in this case." In final argument the assistant State's Attorney accused defense counsel of "character assassination" of the People's witnesses. In discussing the defense presented he said:

> "That is a preposterous defense. I have never heard of a weaker defense in five years of practicing in criminal law. Do you know why I can't believe it? Because Mr. Olivero [defense counsel] doesn't believe it himself."

At another point, he stated: "Mr. Olivero's closing argument is fraudulent" and referred to a portion of the argument as "the biggest fraud of all."

It was improper for the assistant State's Attorney to express his own opinion of defendant's guilt. (*People v. Hoffman,* 399 Ill. 57, 65.) The accusations of fraud on the part of defense counsel could serve only to arouse the antagonism of the jury. (*People v. Stock,* 56 Ill. 2d 461.) Although it might be argued that defense counsel to some extent provoked a portion of the improper argument, the permissible limits of argument cannot be determined solely on the basis of attack and counterattack. The argument must be conducted within the bounds of proper courtroom decorum, which in this case were exceeded to the extent that defendant was deprived of a fair trial.

Defendant contends that "The compulsory discovery provision of Supreme Court Rule 413(d) violates the defendant's constitutional right against self-incrimination under both the Illinois and United States Constitutions." This issue presumably arises from the refusal, during the cross-examination of a chemist employed by the State Crime Laboratory, to permit the use of two items identified only as defendant's exhibits 1 and 2, and not further described. The record presents no question of the constitutionality of the rule.

Because this cause is remanded for a new trial we consider it necessary to discuss an erroneous ruling by the circuit court concerning a matter which might recur upon retrial. Barrett testified that defendant referred to the packets of LSD as "Mr. Natural LSD." The official report which Barrett wrote and filed with the IBI the day after the incident did not include any mention of this statement. Holding that the report was not "substantially impeaching," the circuit court refused to permit defense counsel to cross-examine Barrett concerning either his failure to include this statement in the report or his ability to remember the statement nine months after the occurrence. Failure to state a fact on a prior occasion may properly be shown in impeachment. *People v. Owens,* 65 Ill. 2d 83.

For the reasons stated the judgment is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.