**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Kenneth JANISCH, Defendant and Appellant.**

**No. 12859.**

Supreme Court of South Dakota.

Argued Jan. 29, 1980.

Decided March 26, 1980.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Craig A. Kennedy of Doyle, Bierle & Porter, Yankton, for defendant and appellant.

MORGAN, Justice.

Appellant appeals from a judgment and sentence upon a jury verdict of guilty of aggravated assault under SDCL 22–18–1.-1(4). Appellant was sentenced to one year in the South Dakota State Penitentiary with credit given for time served in the Yankton County Jail while awaiting disposition of the case. He alleges insufficiency of the evidence to support the verdict and error due to the trial court's failure to instruct the jury on the definition of "serious bodily injury." He also challenges the constitutionality of the statute as being impermissibly vague. We modify and remand.

During the first part of March 1979, while appellant was a patient at the Human Services Center in Yankton, South Dakota, he and another male patient asked the victim to accompany them down into the tunnels beneath the Center complex to meet some girls. The three men proceeded through the tunnel, an underground passageway between some of the buildings, until they came to a door. The victim was told to open the door, but was unable to because the door was locked.

At this point a series of attacks began wherein the victim was repeatedly struck, kicked, and thrown to the floor. At one point he was alleged to have been forced to drop his pants and then kneel and lick out a urinal in a men's restroom. He later was released and went immediately to the ward office. The entire incident lasted in the neighborhood of one-half hour. The ward officer and aide talked to the victim and a nurse applied merthiolate, hydrogen peroxide and bandaids to the injuries on his face and leg and supplied an ice pack to keep his eye from swelling. Although a doctor was consulted by telephone, he did not check the victim. The nurse placed the victim in a quiet room and gave him some aspirin along with his regular medication, but nothing else. A doctor examined him the next morning and found that he had black and blue marks across his head, shoulders, and right thigh. He showed no real damage to

his mouth, nose, or eyes, and he had no fractures or evidence of concussion.

The areas of dispute as to all of appellant's issues involve the term "serious bodily injury" as used in the statute under which he was charged. That statute in pertinent part states:

Any person who:

.      .      .      .      .

(4) Assaults another with intent to commit bodily injury which results in serious bodily injury;

is guilty of aggravated assault.

The first two issues are inextricably bound together, for we are convinced that had the jury been properly guided by instruction as to the definition of "serious bodily injury" a guilty verdict would not have resulted, since we are equally confident that there was insufficient evidence to demonstrate the resultant "serious bodily injury" required by the statute.

The common law and the pre-1976 South Dakota statutes distinguish between an assault and a battery;[1] the former being an attempt or threat and the latter an actual inflicting of force or violence. The offense of assault or assault and battery was punishable as a low-grade misdemeanor. Although there was no statute dealing with aggravated assault per se, there were various statutes dealing with assault and battery with a dangerous weapon, with intent to inflict great bodily injury, with intent to commit other felonies, and with intent to kill, each of which carried a more severe penalty which classified the offense as a higher grade misdemeanor or felony.

Chapter 158 of the Session Laws of 1976 was a complete and comprehensive revision of Title 22, Crimes, and other provisions of the South Dakota Compiled Laws relating to crime. Section 18–1 of that enactment repealed SDCL 22–18–1 dealing with as-

sault and assault and battery and replaced it with the present statute which actually mingles the offenses of assault and battery into the offense of assault, now denominated a Class 1 misdemeanor.[2] Section 18–2 of that enactment gathered the more serious assault and battery offenses under the heading of "aggravated assault," now denominated a Class 4 felony.[3]

While the legislature did not define the term "serious bodily injury," we must assume that they had some intent to require a high degree of bodily injury as the result of the assault. SDCL 22–18–1.1(4) sets out three elements: (1) An assault; (2) an intent to commit [some] bodily injury; and (3) resultant serious bodily injury. As previously explained, the first element is actually a battery. The second element requires intent to inflict any bodily injury. The key element that distinguishes the offense from simple assault requires that serious bodily injury result.

The failure of the legislature to enact a definition does not foreclose this court from supplying a necessary definition, and we do not agree with the argument that the word "serious" is of such normal usage that statutory or judicial definition is unnecessary; that the matter can be left to the common sense of the jury.

It appears to us that the intent of the legislature in enacting (4) of the aggravated assault statute, SDCL 22–18–1.1, was to include an offense covering more serious bodily injury than would result from simple assault. To hold otherwise would result in an anomaly, for most assaults would undoubtedly result in some bodily injury, if only a bruise or black eye.

The charge under consideration is fairly akin to the former offense of assault with intent to do great injury, with one notable

---

1. SDCL 22–18–1 provided:

    An assault is any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another. A battery is any willful and unlawful use of force or violence upon the person of another.

2. SDCL 22–6–2(1) provides:

(1) Class 1 misdemeanor: one year imprisonment in a county jail or one thousand dollars fine, or both;

3. SDCL 22–6–1(5) provides:

(5) Class 4 felony: ten years imprisonment in the state penitentiary. In addition, a fine of ten thousand dollars may be imposed;

variation. Under the former statute the key element was intent to inflict great bodily injury, whereas under the new statute intent to inflict any injury is sufficient, the seriousness of the injury having been shifted to the result.

We see no obstacle to equating "great bodily injury" with "serious bodily injury." This court has not had occasion to interpret either phrase. In examining the decisions of our sister states it appears that most of the states that have similar statutes also have statutory definitions or guidelines as to what constitutes "serious" or "great" or "grievous" bodily injury. Of those that do not, there appear to be two lines of authority.

The one that seems prevalent in Oklahoma and Colorado requires evidence that the injury must be grave and not trivial; "such as could have reasonably given rise to apprehension of danger to life, health or limb." *Minnix v. State,* 282 P.2d 772, 777 (Okl.Cr.App.1955); see also, *People v. Ybarra,* 543 P.2d 529 (Colo.App.1975).

The other line of authority appears to require less distinction, requiring only that the injury be "of a more graver and more serious character than an ordinary battery." *State v. McDaniels,* 145 Neb. 261, 266, 16 N.W.2d 164, 167 (1944); *State v. Redmon,* 244 N.W.2d 792, 797 (Iowa 1976). " 'By "great bodily harm" is meant more than mere injury by fist, such as is likely to occur in ordinary assault and battery.' " *State v. Peters,* 274 Minn. 309, 317, 143 N.W.2d 832, 837 (1966) (emphasis in original).

In weighing the authorities for each view in order to determine as best we can the legislative intent, we are disposed to use the doctrine of *noscitur a sociis* and adopt the more stringent view. The offense is included with other offenses that by their very nature indicate imminent threat to the. life or limb of the victim.[4] Furthermore, we are impressed by the difference in the pen-

alty that the legislature saw fit to impose which is up to ten times more severe than that imposed for simple assault.

■ We therefore hold that the term "serious bodily injury" as referred to in the statute, SDCL 22–18–1.1(4), is such injury as is grave and not trivial, and gives rise to apprehension of danger to life, health or limb.

■ With this definition in mind, a review of the evidence demonstrates that the trial court erred in submitting the case to the jury on a charge higher than simple assault. The only injuries sustained by the victim were black and blue marks, a puffed eye, and a swollen or cut lip, which are more closely related to the ordinary injuries sustained in any simple assault and far below the status of grave or dangerous to life, health or limb.

Our foregoing determination effectively disposes of the issue regarding failure to instruct the injury in this case.

Appellant also attacks the constitutionality of SDCL 22–18–1.1(4) on the basis of *State v. Dove,* 75 S.D. 460, 67 N.W.2d 917 (1955). We distinguish the offense charged in this case from that charged in *Dove.* The qualifying phrase in *Dove* was "*in such a manner and under such circumstances abhorrent to the public morals and common decency.*" 75 S.D. at 463, 67 N.W.2d at 918 (emphasis in original). This court said that "it [was] impossible for the court to make any reasonable interpretation of [that] phrase, and therefore to determine with any certainty what acts were intended to constitute [the offense]." 75 S.D. at 466, 67 N.W.2d at 920. In this case we have determined that the qualifying adjective "serious" is definable as we have done. We have determined with reasonable certainty what acts are intended to constitute the offense.

---

4. SDCL 22–18–1.1(1) and (2) provide:

(1) Attempts to cause serious bodily injury to another, or causes such injury, under circumstances manifesting extreme indifference to the value of human life;

(2) Attempts to cause, or knowingly causes, bodily injury to another with a dangerous weapon;

 If a jury has found a defendant guilty of a higher charged offense on the basis of evidence which is sufficient only to convict him of a lesser included offense, this court may modify the judgment to the lesser offense and remand the case to the lower court for resentencing of the defendant. *State v. Quinn*, 286 N.W.2d 320 (S.D.1979); *People v. Hoffmeister*, 394 Mich. 155, 229 N.W.2d 305 (1975).

We accordingly modify the judgment of conviction of aggravated assault to simple assault, and remand to the lower court for resentencing of appellant in a manner not inconsistent with this opinion.

WOLLMAN, C. J., and HENDERSON and FOSHEIM, JJ., concur.

DUNN, J., dissents.

DUNN, Justice (dissenting).

I dissent.

The victim was subjected to a savage and brutal attack by two men. He was repeatedly struck, kicked and thrown onto a cement floor. This continued over a period of thirty minutes, and at one point, in apprehension of even greater injury, the victim was forced to lick a urinal with his tongue. This is not simple assault.

There was sufficient evidence upon which the jury could have determined that an aggravated assault had occurred. In *People v. Carmack*, 50 Ill.App.3d 983, 8 Ill.Dec. 941, 366 N.E.2d 103 (1977), the court stated that "great bodily injury" is incapable of precise definition, but it is injury of a more serious character than ordinary assault and battery. It is impossible for me to consider this incident an ordinary assault and battery. Most ordinary assaults and batteries consist of a relatively brief encounter, certainly less than one minute, in which the victim receives a blow or two. The instant victim was brutally beaten and kicked by two men continually over a period of thirty minutes.

The period of time over which this incident occurred, the repeated blows and kicks suffered, and the extent of bruises and contusions over a great area of the body were sufficient to have the jury consider the question of great bodily injury. The statute does not require broken bones, concussion, or the maiming of the victim's body. This section of the statute was enacted to fulfill a void between simple assault and our former maiming statutes. Permanent injury is not necessarily required for there to be serious injury. *People v. Smith*, 6 Ill.App.3d 259, 285 N.E.2d 460 (1972). An extended stay in the hospital is similarly not required. *Commonwealth v. Alexander*, 237 Pa.Super. 111, 346 A.2d 319 (1975).

This was a jury question. In order for the majority to find an absence of serious bodily injury, it is required that there be no evidence upon which the verdict could be sustained. It is not our function to weigh the evidence. *State v. Minkel*, 89 S.D. 144, 230 N.W.2d 233 (1975). The jury verdict should be sustained.