THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH PANCZKO, Defendant-Appellant.

First District (1st Division)    No. 79-377

Opinion filed June 30, 1980.

Ralph Ruebner and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Kathleen Warnick, and John M. Hynes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, Joseph Panczko was convicted of burglary and attempt theft and was sentenced to a term of 6 years in the Illinois Department of Corrections. Defendant appeals.

On appeal, defendant contends (1) that the trial court erred in permitting a State's witness to testify regarding his pretrial lineup identification of defendant; (2) that the trial court erred in admitting

documentary evidence because no proper foundation was laid; (3) that defendant was denied a fair trial due to numerous statements by the State attacking the credibility of defense counsel; and (4) that the trial court abused its discretion and violated defendant's sixth amendment rights by excluding a defense witness not listed on the discovery answer.

We affirm.

Seymour Shein, a neighbor of the victim Alvin Lyons, testified that at approximately 3 a.m. on July 20, 1976, he observed a man breaking into the trunk of Lyons' car which was parked in front of Shein's home. The witness identified the man as defendant Joseph Panczko. Without having opened the trunk, the man fled down an alley to the north of Shein's home. An automobile then exited from the alley. After phoning the police, Shein returned to bed, but arose again after hearing noises at the front of his house. He observed defendant removing several cases from the trunk of the car and phoned the police once more. The witness then saw defendant flee without taking any cases. Further testimony revealed that Shein identified defendant in a lineup conducted later that morning.

Alvin Lyons testified that he was the owner of the car from which the cases were taken. The cases contained samples of clothing for which he paid approximately $2,500 to $3,000. The trunk of his car contained 6 or 7 garment bags. After receiving a call from Seymour Shein, Lyons went to his car and found five of the garment cases lying next to the car. One or two bags remained in the trunk and the trunk lock had been removed.

Officer Zigmund Majewski, a Chicago police department evidence technician, testified that when he arrived at the scene on July 20, he observed Mr. Lyons' auto with its trunk open and a Chevrolet parked in the rear of the building with its doors open and its keys in the ignition. Majewski had prepared a report on the incident, but the report in the officer's possession differed from the report which defense counsel had received through discovery in that the officer's report contained additional information about the lineup at which Mr. Shein identified defendant. When examined as to this discrepancy, Officer Majewski stated that other investigators who relieved him on the morning of the 20th duplicated that portion of the report which he had completed and then conducted the lineup. The additional information was therefore omitted from the first report which went into the file. After an *in camera* hearing, defense counsel was furnished with a copy of the more complete report and the report's contents were read into the record. Majewski was examined by both attorneys regarding the contents of the report.

Officer Muntaner testified that after receiving a call on July 20, 1976, he proceeded to an alley behind 6533 N. Kedzie. He drove down the alley and observed a 1971 Chevrolet. The license plate number was ET 8953.

Upon returning to the station, he and his partner saw defendant and arrested him.

Officer Winchar testified that he conducted the lineup at which Shein identified defendant and identified defendant in a picture of the lineup. On cross-examination, Winchar testified that he included in his report defendant's claim that his auto was stolen. He further stated that no stolen auto report was prepared. On redirect, the prosecution asked if stolen auto reports were prepared when it has been determined that such a claim is a lie. An objection to the form of the question was sustained.

Defendant first argues that the trial court erred in admitting Seymour Shein's testimony regarding his lineup identification. He contends that this testimony is a prior consistent statement and was improperly admitted because the witness had not been impeached.

■■ In *People v. Gould* (1960), 54 Cal. 2d 621, 626, 354 P.2d 865, 867, 7 Cal. Rptr. 273, 275, the court, in comparing evidence of prior identifications and prior consistent statements, stated:

> "Evidence of an extrajudicial identification is admissible, not only to corroborate an identification made at the trial (*People v. Slobodion*, 31 Cal. 2d 555, 560 [191 P.2d 1]), but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached (*People v. Hardenbrook*, 48 Cal. 2d 345, 351 [309 P.2d 424]; *People v. Kynette*, 15 Cal. 2d 731, 753-754 [104 P.2d 794]), evidence of an extrajudicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind."

In light of the above, we do not agree with defendant's characterization of the extrajudicial identification as a prior consistent statement. Moreover, an extrajudicial identification of an accused may be elicited by the prosecution. (*People v. Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377.) Therefore the trial court did not err in admitting the testimony in the absence of impeachment.

Secondly, defendant argues that copies of the automobile license application and certificate of registration were improperly admitted because the State failed to establish their relevancy. Specifically, defendant contends that the State failed to establish that defendant was the person named because the address of 4323 School Street listed on these documents differed from the address of 54323 School Street which was read into the record from the police report of the lineup. Defendant

also argues that the car referred to in the documents, described as a 1972 Chevrolet, was not the same car found at the scene of the crime, since Officer Muntaner testified that the latter was a 1971 Chevrolet.

Relevancy is established when a fact offered tends to prove a fact in controversy or renders a matter in issue more or less probable. (*People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295; *People v. Durr* (1978), 58 Ill. App. 3d 525, 374 N.E.2d 873.) Here, the ownership of the auto found in the alley was relevant in that it tended to establish the party involved in the crime. The State introduced evidence of the license number and make of the car. These matched the number and make of the car listed in the documents and the documents showed that these license plates were issued to Joseph Panczko. We find that this evidence sufficiently indicated the documents' relevancy and therefore find defendant's contention to be without merit.

Defendant also argues that the impact of numerous statements made by the prosecutor deprived him of a fair trial. Two statements complained of occurred during the examinations of Officer Majewski and investigator Winchar.

The first comment complained of was made during cross-examination of Officer Majewski. During a colloquy between defense counsel and the prosecutor, the prosecutor referred to defense counsel's statement that he learned of the lineup from "area 6" as a lie. The second remark was made during redirect examination of investigator Winchar when the prosecutor asked Winchar if stolen auto reports were prepared when it is determined that the claim is a lie.

Three other allegedly prejudicial remarks occurred during closing argument. At one point, the prosecutor stated that he did not believe that the defense argument was truthful. When arguing as to the credibility and accuracy of the police reports, the prosecutor stated that defense counsel was a State legislator and that despite his official capacity, the police department did not operate for his benefit.

Generally, a conviction will not be reversed on review because of prosecutorial remarks or arguments unless such remarks constitute a material factor in his conviction or result in substantial prejudice to the accused. (*People v. Franklin* (1976), 42 Ill. App. 3d 408, 355 N.E.2d 634.) We find that the cited instances of error in the examinations of Officer Majewski and investigator Winchar did not constitute a material factor in defendant's conviction in light of the competent evidence presented in the case.

■■■ Moreover, we find that defendant was not prejudiced by either of these remarks. The question posed to Winchar was improper because it contained a conclusion of fact and thus invaded the province of the jury. (See *People v. Millet* (1965), 60 Ill. App. 2d 22, 208 N.E.2d 670.)

However, defendant was not substantially prejudiced since the objection to the form of the question was sustained and the jury was generally instructed to disregard questions to which objections had been sustained. Furthermore, defendant was not prejudiced by the prosecutor's statement that defense counsel was lying because the court ordered both attorneys to "stop" and gave admonishments in the presence of the jury.

In *People v. Franklin* (1976), 42 Ill. App. 3d 408, 421, 355 N.E.2d 634, 645, the court stated:

> "It has uniformly been held that a prosecutor has great latitude in presenting his closing argument. (*E.g., People v. Oliger* 32 Ill. App. 3d 889, 893, 336 N.E.2d 769, 772; *People v. Hering*, 27 Ill. App. 3d 936, 944, 327 N.E.2d 583, 590.) Moreover, reviewing courts are reluctant to set aside a verdict on the grounds of remarks made during closing argument and do so only where these remarks are clearly prejudicial, such as * * * attacks upon the defendant or his counsel which are inflammatory in the extreme. (*People v. Starr*, 37 Ill. App. 3d 495, 500, 346 N.E.2d 410, 414.)"

Again, we note that prosecutorial remarks are grounds for reversal only when such remarks, considered in light of all the evidence, constitute a material factor in a conviction or when the verdict would have been different had the language not been used. *People v. Moss* (1977), 54 Ill. App. 3d 769, 370 N.E.2d 89; *People v. Smith* (1972), 6 Ill. App. 3d 259, 285 N.E.2d 460.

Although the comments made by the prosecutor during closing arguments were not entirely proper, such comments are not sufficient grounds for a reversal. The integrity and honesty of defense counsel was not blatantly and repeatedly attacked, nor were these statements inflammatory in the extreme. Moreover, we do not believe in light of all the evidence that the verdict would have been different had these comments not been made and note, in this regard, that no issue concerning the sufficiency of the evidence was raised on appeal.

Lastly defendant argues that the trial court abused its discretion by excluding a defense witness who had not been listed on the discovery answer. After the first day of trial, defense counsel sought leave to amend his answer and add defendant's sister as a witness. The offer of proof indicated defendant customarily retired at 5 or 6 p.m. and arose at 4 or 4:30 a.m., and that on the day before the occurrence in question, he retired at approximately 3:30 p.m. The witness would not testify as to the time defendant arose on the morning in question.

Defendant argues that this evidence was relevant in that it gave credence to his stolen automobile claim. Because the trial court excluded the witness, defendant further contends that he was denied his right to present a defense.

■■ We first note that defendant failed to raise this issue in his post-trial motion. Failure to raise an issue in a motion for a new trial constitutes a waiver of such issue for purposes of review. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

Assuming that this issue was preserved for review, we nonetheless find that the witness was properly excluded because the evidence sought to be admitted through her was irrelevant. As previously noted in this opinion, relevancy is established when a fact offered tends to prove a fact in controversy or renders a fact in issue more or less probable. (*People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295.) Here, no evidence was offered to show the time at which defendant actually arose on the morning in question. Therefore such time is purely speculative. Moreover, this evidence does not make defendant's claim that his car was stolen more probable for an equally justifiable inference is that defendant could have been awake at the time the burglary took place.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*

O'CONNOR and CAMPBELL, JJ., concur.