**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Burton SHEAR, Defendant and Appellant.**

**No. 12950.**

Supreme Court of South Dakota.

Considered on Briefs May 21, 1980.

Decided Aug. 6, 1980.

Michael V. Black, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellant appeals from a judgment of conviction on one count of aggravated assault in violation of SDCL 22–18–1.1(1) and one count of simple assault in violation of SDCL 22–18–1. We affirm in part, modify in part and remand.

On the evening of March 12, 1979, appellant and his wife returned from a vacation, arriving at the Rapid City Regional Airport. As the Shears waited in the airport lounge for their baggage to arrive on a later plane, Mrs. Shear began talking with some gentlemen seated next to them.

When their baggage arrived, the Shears left the airport to return home to Belle Fourche. Upon discovering a flat tire on their car, appellant suggested to his wife that she return to the airport lounge while he changed the tire. After changing the tire, appellant went back into the airport to look for his wife but was unable to find her. Appellant then assumed that she had left with one of the men she had been talking with in the lounge, whereupon he sped home hoping to catch them.

In reality, however, Mrs. Shear had gone to the ladies' room to rest and had fallen asleep on one of the couches there. She was later awakened by Jolene Larsen, who worked at the airport. After hearing Mrs. Shear's story, Ms. Larsen offered to give her a ride home. First stopping to pick up Ms. Larsen's brother, Kenneth Collins, age 15, they drove to the Shear residence in Belle Fourche in Ms. Larsen's pickup truck.

In the meantime, appellant had arrived in Belle Fourche. Not finding his wife, he became very upset. Having convinced himself that his wife was being unfaithful, appellant took some of her clothes and threw them out on the front steps. He then went upstairs to bed and attempted to sleep.

Upon arriving at the Shear home, Kenneth Collins helped Mrs. Shear retrieve her clothes from the steps while Ms. Larsen waited in the pickup. As Collins and Mrs. Shear entered the house, appellant ran downstairs to meet them. Appellant shoved Mrs. Shears out of the way with his arms crossed in a "football type" position in an attempt to reach Collins, whom appellant assumed to be the man who was with his wife. Appellant then struck Collins on the chin. Collins pushed himself away from appellant and ran out of the house and across a field adjacent to the Shear residence.

Appellant then secured a shotgun from a closet in the living room and ran outside. As Ms. Larsen drove after her brother, appellant fired two shotgun blasts at the pickup, one striking the right side of the box and the other shattering the rear window, entering through the passenger's side. Appellant thereupon went back inside the Shear residence and returned to bed while Ms. Larsen picked up her brother and drove away.

During the course of the above-described fracas, Mrs. Shear suffered a fracture of the ninth rib. Collins received a scratch on his arm.

Appellant was charged and convicted of simple assault upon Collins and of aggravated assault upon his wife.

The applicable portion of the aggravated assault statute under which appellant was charged reads:

Any person who:
(1) Attempts to cause serious bodily injury to another, or causes such injury, under circumstances manifesting extreme indifference to the value of human life . . .

is guilty of aggravated assault. . . . SDCL 22–18–1.1(1).

Appellant disputes whether the rib fracture sustained by his wife was sufficient to constitute serious bodily injury and whether his actions were sufficient to support a finding that he acted under circumstances manifesting extreme indifference to the value of human life.

We need not decide whether a fractured rib constitutes a serious bodily injury within the meaning of the statute, cf. *State v. Janisch*, 290 N.W.2d 473 (S.D.1980), for we conclude that the evidence does not support a finding that appellant inflicted the injury to his wife under circumstances manifesting extreme indifference to the value of human life. Appellant's subsequent firing at Ms. Larsen's pickup may very well have constituted conduct falling within the definition of circumstances that would support a conviction under SDCL 22–18–1.1(1), but the act of shooting was not so contemporaneous with the infliction of the injury upon Mrs. Shear as to be considered as relating back to the act resulting in the infliction of that injury.

We have considered appellant's remaining contentions and find them to be without merit.

The judgment entered on the conviction of aggravated assault is modified to a judgment of conviction of simple assault, and the case is remanded to the circuit court for resentencing on that lesser offense. *State v. Janisch*, supra; *State v. Quinn*, 286 N.W.2d 320 (S.D.1979).

The judgment entered on the conviction of simple assault is affirmed.

MORGAN and FOSHEIM, JJ., concur.

DUNN and HENDERSON, JJ., concur in part and dissent in part.

DUNN, Justice (concurring in part and dissenting in part).

I would affirm the trial court on both counts.

Testimony in the record reveals that defendant severely beat his wife; that she could scarcely stand after the assault; and that she suffered a broken rib in addition to extensive body bruises. While the wife softened her testimony by the date of trial, claiming she had "tripped over an open suit-case causing the broken rib," there was ample evidence of the assault upon her from statements she had made to at least four witnesses, including the doctor treating her immediately following the melee. Contemporaneous with the beating of his wife, the defendant had fired one shotgun blast at Collins and another into the pickup occupied by Jolene Larsen at a range of 15 feet! There was substantial and credible evidence that this defendant demonstrated a complete disregard for the value of human life, and if this evidence was believed by the jury, it was sufficient to convict the defendant of aggravated assault.

I am authorized to state that Justice HENDERSON joins in this concurrence in part and dissent in part.