THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LUIS LOPEZ, Defendant-Appellant.

First District (3rd Division)    No. 79-2439

Opinion filed September 30, 1980.

James J. Doherty, Public Defender, of Chicago (Robert Guch and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Kathleen Warnick, and Susan Ruscitti Grussel, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Luis Lopez, along with Fortino Vasquez, was charged with delivery of a controlled substance in that he delivered less than 15 grams of heroin to Albert Oseguera. After a jury trial, defendant was found guilty of that crime and the court sentenced him to four years. Defendant's sole contention on appeal is that his right to a fair trial was violated by a remark in the prosecutor's closing argument in which he commented on outside evidence not produced at trial.

Officer Albert Oseguera testified that on March 6, 1978, he was working as an undercover narcotics officer. He approached defendant and asked whether he had any "material," or heroin. Defendant said he was out of it but that his partner had some. Lopez entered a nearby tavern and in two minutes returned with Vasquez. The officer told Vasquez that he wanted a $25 bag. Vasquez handed the officer a packet, which later proved to be heroin, in return for $25 prerecorded money. Another officer 80 feet away observed his partner and the two men, but heard nothing. Two days later, defendant and Vasquez were arrested. Neither the $25 nor any heroin was recovered.

Defendant testified that in Spanish Oseguera asked if he had seen

"Chino." Defendant said that Chino was in the bar, and, at Oseguera's request, he summoned Chino Vasquez. Defendant watched Oseguera and Vasquez shake hands and have a short conversation, which defendant did not hear. Nothing changed hands.

Vasquez, whose nickname was Chino, testified that Lopez told him in the tavern someone was looking for him. Vasquez went outside, and Oseguera asked him if he had any "material." Vasquez testified that he had been convicted of possession of heroin, and he knew what "material" meant. Vasquez told Oseguera that he knew nothing about material, and walked away.

During closing argument the prosecutor made the following statement:

> "Ladies and Gentlemen, Counsel told you that we don't have evidence to back up our inferences. Ladies and Gentlemen, it was Counsel who objected to the evidence coming in. He's the one that thwarted you from seeing that evidence. Believe it, we have the evidence to back up every inference in this case."

The trial court overruled defense counsel's objection to the above statement.

The comment of the prosecutor was utterly improper. He not only told the jury that defendant kept evidence from them, but then went on to say that this evidence supported the State's case. The remark was improper, prejudicial, and constituted reversible error. (*People v. Burton* (1978), 63 Ill. App. 3d 915, 380 N.E.2d 929; *People v. Hovanec* (1976), 40 Ill. App. 3d 15, 351 N.E.2d 402.) The State suggests that the prosecutor's comment was invited by the following remark of counsel for defendant during closing argument: "[L]adies and gentlemen, I think the State is trying to lay inferences in your mind, they do not have the evidence to back up what those inferences are * * *." Nothing in defense counsel's proper remark would justify the aforementioned statement by the prosecutor. The prosecutor's improper comment was uninvited, and it deprived defendant of a fair trial in a case in which the evidence against defendant was not overwhelming.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

McGILLICUDDY, P. J., and SIMON, J., concur.