THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BILLY CLARK, Defendant-Appellant.

First District (1st Division)   No. 81—2300

Opinion filed April 18, 1983.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Paula Carstensen, and Peter M. DeLongis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendant Billy Clark was convicted of murder, attempted murder, aggravated battery and armed violence. He was sentenced to serve concurrent terms of 15 years for attempted murder and 40 years for murder in the penitentiary.

On appeal, defendant contends that the cumulative impact of improper prosecutorial comments during opening and closing arguments denied defendant a fair trial.

We reverse and remand for a new trial.

In his opening statement, before any testimony had been heard and prior to discussing what the State's evidence would show, the prosecutor warned the jury about the defense attorney's tricks:

> "It is like thinking of it in terms of slide [sic] of hand. How does the slide [sic] of hand trick work? It works by getting you to take your eyes off the subject that you are supposed to be looking at and look at some distraction.
>
> (Objection overruled.)
>
> *** And if you take your eye off the coin and off the evidence in this case and go chasing after what the lawyers tell you, you are going to be in serious trouble ***.
>
> *** [W]hen lawyers ask questions of witnesses, sometimes the form of those questions seem to indicate that the lawyers may know something about the witness or the facts of the case that you haven't heard in evidence. So if the lawyer asks the question, when did you stop beating your wife ***."

The trial judge sustained defense counsel's second objection and warned the prosecutor to "get into the evidence."

The prosecutor returned to the themes of "attorney's tricks" and "sleight of hand" and tactics employed by the defense attorney during the State's rebuttal closing argument:

"Ladies and gentlemen, you remember the first day of this trial I stood before you \*\*\*. And I was in the process of telling you the tactics the defense attorney will employ during the trial so you can anticipate that happening \*\*\* when I was cut short by an objection by the defense.

(Objection overruled.)

Well, what I was telling you about was how defense attorneys use slide [sic] of hand in defending people and I can understand why the defense wouldn't want me to tell you about this.

(Objection overruled.)

\*\*\* And what I was in the process of telling you, when you are defending somebody, when you are defending a case where the evidence is as overwhelming as the evidence in this case, there is only one thing you can do -- [that] is get the jury to ignore the evidence \*\*\*. And it is just like a magician uses slight of [sic] hand, the way they make a coin disappear is by getting you to look at something else.

The old trick, look at the hand, don't look at the evidence, and that's exactly the way defense attorneys make the evidence disappear by getting you to look at something else and the only something else that is available to them is naked speculation."

In discussing the defense presented, the prosecutor commented that the defense attorney is a very able and experienced defense attorney, who has "been around the block a few times." He continued by stating that as an experienced defense attorney he knew that the jury would not receive a certain photograph until they forgot its significance. This "trick," the prosecutor explained, is employed by experienced defense attorneys in an effort to confuse the jury and has been employed by the defense attorney throughout the trial.

The prosecutor then described to the jury how the defense attorney attempted to mislead the jury by "dirtying the victim." He explained that the defense attorney tried to make the jury dislike the surviving victim in an effort to discredit her testimony. He further informed the jury that when the defense has no facts favorable to his side, the defense attorney will "dirty the victim" so that the jury is apathetic about convicting the defendant. The prosecution concluded its discussion of defense tactics by stating, "We are subject to these types of tactics, and jurors like yourselves let people like Bobby [sic] Clark go free."

Defendant contends that the prosecutor's remarks from opening statement through 19 pages of closing arguments prejudiced him.

We find that the prosecutor's conduct was improper and substan-

tially prejudiced defendant's right to a fair trial. Here, as in *People v. Suggs* (1977), 50 Ill. App. 3d 778, 365 N.E.2d 1118, the prosecutor's accusations of trickery on the part of defense counsel tended to arouse the jury's antagonism against defendant and his attorney. Further, it created a trial of the defense attorney rather than a determination of defendant's innocence or guilt. (See also *People v. Stock* (1974), 56 Ill. 2d 461, 309 N.E.2d 19; *People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295.) We realize that there is considerable evidence which would sustain defendant's conviction, as there was in the case of *People v. Weathers* (1975), 62 Ill. 2d 114, 338 N.E.2d 880. As stated therein, this fact operates to present the issue, not to resolve it. One accused of a crime is entitled to a fair trial regardless of the proof against him. (62 Ill. 2d 114, 119, 338 N.E.2d 880, 883.) Therefore, the repeated verbal attacks on defense counsel, far exceeding permissible courtroom decorum, violated defendant's right to a fair trial. *Suggs.*

The fact that the accusations were made during the prosecution's opening statement makes them even more reprehensible. This is so because the prosecutorial misconduct was unprovoked and had the effect of directing the jury to view the defense's evidence, that had not yet been presented, with suspicion. The improper comments were emphasized when the prosecutor repeated them in closing arguments. Under these circumstances, the prosecutor's repeated comments that the defense attorney engaged in "attorney's tricks," "sleight of hand," and "dirtying the victim" were sufficiently prejudicial to warrant reversal. However, other areas of prosecutorial misconduct also contribute to our conclusion that defendant was denied a fair trial.

The record shows that the prosecutor created the impression that the defense attorney was hiding evidence:

> "*** [I]f we didn't prove that the victim was once alive and then killed *** [defense attorney] could make a motion outside your presence to dismiss these charges. He also knows that you don't know that.
>
> (Objection overruled.)
>
> We have to prove great bodily harm to you. He knows if we didn't bring [certain witnesses] in, he could make a motion to dismiss these charges outside your presence and the case would go away.
>
> (Objection overruled.)
>
> And you don't know about that.
>
>       * * *
>
> Where is the blood on the defendant's clothes? I don't know

***. The defendant knows where those bloody clothes are if there ever was any blood on any clothes. Think about this ***.

Don't you see what lawyers do to the evidence?

\* \* \*

[Defense counsel] asked us why we didn't bring in this photograph, well, where is Roberta, ladies and gentlemen, if she is so important. Where is she? They have the power of subpoena just like we do. The judge will enforce any subpoena they issue. That's all the power we've got *** [Roberta] is gone with the wind, ladies and gentlemen, because she wouldn't help this case."

Remarks that a jury was prevented from hearing certain evidence because of defendant's actions have been repeatedly held to be reversible error. (*People v. Hovanec* (1976), 40 Ill. App. 3d 15, 351 N.E.2d 402. See also *Anderson v. Universal Delta* (1967), 90 Ill. App. 2d 105, 234 N.E.2d 21, and cases cited therein.) The instant case is also analogous to *People v. Lopez* (1980), 89 Ill. App. 3d 456, 411 N.E.2d 1071, wherein this court held that the prosecutor's conduct of informing the jury that defendant kept from them evidence which supported the State's case constituted reversible error. The comments as set forth above have the same import. The prosecutor was attempting to make it appear to the jury that defendant was trying to keep unfavorable evidence from them. *People v. Hovanec* (1976), 40 Ill. App. 3d 15, 17, 351 N.E.2d 402, 404.

Defendant's right to a fair trial was also violated when the prosecutor injected his personal opinion into the case. His statement, "I believe that this case is overwhelming," was improper. An assistant State's Attorney may not express his personal opinion of the strength of the State's case or of defendant's guilt. *People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295.

We have thoroughly examined the entire record and are compelled to conclude that the misconduct of the prosecutor deprived defendant of a fair trial. While no single act would necessarily require reversal, the cumulative impact of the errors may have affected the jury's verdict. (*People v. Weinger* (1981), 101 Ill. App. 3d 857, 428 N.E.2d 924.) Moreover, the frequency of the prosecutor's misconduct, together with the trial judge's failure to sustain the objections and adequately admonish the jury, vitiated any curative effect resulting from the instruction that comments of counsel should not be considered. (*Suggs.*) A prosecutor must demonstrate respect and due regard for defendant's constitutionally protected right to a fair and impartial trial. *People v. Brown* (1983), 113 Ill. App. 3d 625.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the case for a new trial.

Judgment reversed; cause remanded for a new trial.

BUCKLEY, P.J., and CAMPBELL, J., concur.